UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE COBALT INTERNATIONAL ENERGY, INC. SECURITIES LITIGATION | LEAD CASE NO. 4:14-cv-03428 |

**THE COBALT DEFENDANTS' RESPONSE TO
PLAINTIFFS' (SECOND) NOTICE OF RECENT AUTHORITY IN FURTHER
SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The Cobalt Defendants file this response to address the first case discussed in Plaintiffs' Notice of Recent Authority in Further Support of Their Opposition to Defendants' Motion to Dismiss, Dkt. No. 104 ("Second Notice")—*KB Partners I, L.P. v. Pain Therapeutics, Inc.*, No. A-11-CA-1034-SS, 2015 WL 7760201 (W.D. Tex. Dec. 1, 2015) (Sparks, J.). Like the authority in Plaintiffs' prior Notice of Supplemental Authority ("First Notice"), Dkt. No. 99, *KB Partners* does nothing to overcome the Cobalt Defendants' Motion to Dismiss, Dkt. No. 83 ("Motion") Plaintiffs' Amended Class Action Complaint, Dkt. No. 72 ("CAC").

First, in claiming that the Cobalt Defendants' arguments focus on the "literal truth" of the challenged statements, Plaintiffs once again mischaracterize the Motion and the Cobalt Defendants' reply brief, Dkt. No. 98 ("Reply"). As the Cobalt Defendants explained in response to the First Notice, the Cobalt Defendants expressly argued that the challenged statements were neither literally false nor misleading. *See* Dkt. No. 100 at 1–2. Plaintiffs' "literal truth" mantra remains demonstrably false.

1

Second, Plaintiffs' "duty to speak" argument mischaracterizes the challenged statements. *KB Partners* correctly recites the general rule that "a duty to speak the full truth arises when a defendant undertakes a duty to say anything. Although such a defendant is under no duty to disclose every fact or assumption underlying a prediction, he must disclose material, firm-specific adverse facts that affect the validity or plausibility of that prediction." 2015 WL 7760201, at *8. However, that principle has no relevance here. Contrary to Plaintiffs' assertions, neither the challenged statements about Cobalt's assigned Angolan co-venturers nor Cobalt's statements of belief in its own FCPA compliance contain any representations about the ownership of Nazaki and Alper. *See* Reply 20–21, 24–29, 32, 55, 58–59.

Third, contrary to Plaintiffs' assertions, nothing in *KB Partners* undermines this Court's ability to dismiss the CAC on materiality grounds. *See* Mot. 33–34, 36–37, 39–41, 43, 54–55; Reply 23–24, 32–41, 58–59. Indeed, as *KB Partners* explicitly acknowledges, "a court can determine statements to be immaterial as a matter of law on a motion to dismiss." 2015 WL 7760201, at *7 (citing *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 359 (5th Cir. 2002)); *see also Kapps v. Torch Offshore, Inc.*, 379 F.3d 207, 216 (5th Cir. 2004) ("[M]any Section 11 cases have been properly dismissed on the pleadings for lack of materiality.").

Finally, *KB Partners* does not salvage Plaintiffs' deficient loss causation allegations. Contrary to Plaintiffs' suggestion, the Cobalt Defendants have not argued that an alleged corrective disclosure must be a "mirror image" of the prior purported misrepresentation or omission. *See* Reply 65 n.65; Mot. 65–66. Instead, the Cobalt

Defendants have shown how Plaintiffs' purported corrective disclosures are not "corrective" because none reveals a truth, previously concealed by a false or deceptive Cobalt statement, making its way into the marketplace. *See* Reply 65–69. To the extent *KB Partners* employs a materialization-of-the-risk analysis—even though the Fifth Circuit has yet to adopt that theory, *see Ludlow v. BP, P.L.C.*, No. 14-20420, 2015 WL 5235010, at *10 n.68 (5th Cir. Sept. 8, 2015)—it makes no difference because Plaintiffs' alleged corrective disclosures also do not reveal a foreseeable risk, previously concealed by a false or deceptive Cobalt statement, making its way into the marketplace. *See* Reply 65–69.

For all of these reasons, *KB Partners* provides no basis for denying the Cobalt Defendants' Motion.

Dated:  December 22, 2015

Respectfully submitted,

BAKER BOTTS L.L.P.

*Of Counsel:*
Danny David
Texas Bar No. 24028267
Russell Lewis
Texas Bar No. 24036968
Federal I.D. No. 569523
Amy Pharr Hefley
Texas Bar No. 24046046
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, Texas  77002
Tel: (713) 229-1234
Fax: (713) 229-1522
danny.david@bakerbotts.com
russell.lewis@bakerbotts.com
amy.hefley@bakerbotts.com

By: */s/ David D. Sterling*
    David D. Sterling
    Attorney-In-Charge
    Texas Bar No. 19170000
    Federal I.D. No. 07079
    One Shell Plaza
    910 Louisiana St.
    Houston, Texas  77002
    Tel: (713) 229-1946
    Fax: (713) 229-7946
    david.sterling@bakerbotts.com

*Attorneys for Defendants Joseph H. Bryant, James W. Farnsworth, John P. Wilkirson, Peter R. Coneway, Henry Cornell, Jack E. Golden, N. John Lancaster, Jon A. Marshall, Kenneth W. Moore, J. Hardy Murchison, Michael G. France, Kenneth A. Pontarelli, Scott L. Lebovitz, Myles W. Scoggins, D. Jeff van Steenbergen, Martin H. Young, Jr., William P. Utt, and Cobalt International Energy, Inc.*

### CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of December, 2015, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all counsel of record.

    */s/ Amy Pharr Hefley*
    Amy Pharr Hefley

22784830

4