# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE COBALT INTERNATIONAL ENERGY, INC. SECURITIES LITIGATION | § § § | CIVIL ACTION NO. 4:14-cv-3428 |

## MOTION OF THE GOLDMAN SACHS GROUP, INC., RIVERSTONE HOLDINGS LLC, FIRST RESERVE, ACM LTD., AND THE CARLYLE GROUP L.P. TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Robert A. Van Kirk
Federal I.D. No. 386734
   Attorney-in-Charge
George A. Borden
Federal I.D. No. 354026
John S. Williams
Federal I.D. No. 2543133
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
rvankirk@wc.com
gborden@wc.com
jwilliams@wc.com

*Attorneys for Defendant*
   *The Carlyle Group L.P.*

George T. Conway III (*pro hac vice*)
   Attorney-in-Charge
Adam D. Gold (*pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
gtconway@wlrk.com
adgold@wlrk.com

Ronald L. Oran Jr.
Texas Bar No. 24072268
S.D. Tex. Bar No. 1065184
STRASBURGER & PRICE, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010
Telephone: (713) 951-5600
Facsimile: (713) 951-5660
ron.oran@strasburger.com

*Attorneys for Defendants The Goldman*
   *Sachs Group, Inc., Riverstone Holdings*
   *LLC, First Reserve, and ACM Ltd.*

February 3, 2016

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .................................................................................................................. 1

NATURE AND STAGE OF THE PROCEEDING ............................................................. 2

ARGUMENT ........................................................................................................................... 3

    A. The order involves controlling questions of law. ............................................... 3

    B. There are substantial grounds for difference of opinion. .................................. 5

        1. Control based on minority stockholder status. ........................................... 6

        2. Control based on aggregating share ownership and
board appointments by multiple unrelated defendants. .............................. 9

    C. Interlocutory review will materially advance termination
of this case. ............................................................................................................. 10

CONCLUSION ..................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                         **Page(s)**

*APCC Servs., Inc.* v. *AT&T Corp.*,
   297 F. Supp. 2d 101 (D.D.C. 2003) .................................................................................... 11

*Asis Internet Servs.* v. *Active Response Grp.*,
   No. C07 6211 TEH, 2008 WL 4279695
   (N.D. Cal. Sept. 16, 2008) ...................................................................................................... 5

*Barker* v. *Halliburton Co.*,
   No. H-07-2677, 2008 WL 536640
   (S.D. Tex. Feb. 27, 2008) ....................................................................................................... 3

*Cooper Indus., Inc.* v. *Agway, Inc.*,
   987 F. Supp. 92 (N.D.N.Y. 1997) ......................................................................................... 5

*Dartley* v. *ErgoBilt Inc.*,
   No. 3:98-cv-1442-M, 2001 WL 313964
   (N.D. Tex. Mar. 29, 2001) ............................................................................................. 6–8, 10

*Dew* v. *Nabisco, Inc.*,
   No. 3:99CV117, 1999 WL 33228565
   (E.D. Va. Oct. 4, 1999) .......................................................................................................... 5

*Fouad* v. *Isilon Sys., Inc.*,
   No. C07-1764 MJP, 2008 WL 5412397
   (W.D. Wash. Dec. 29, 2008) ............................................................................................ 8, 10

*Gautier* v. *Plains Pipeline, LP*,
   No. 12-1064, 2012 WL 4483003
   (E.D. La. Sept. 28, 2012) ....................................................................................................... 5

*In re Alstom SA Sec. Litig.*,
   406 F. Supp. 2d 433 (S.D.N.Y. 2005) ................................................................................... 8

*In re BP p.l.c. Sec. Litig.*,
   No. 4:10-cv-4214, 2015 WL 926199
   (S.D. Tex. Mar. 4, 2015) ........................................................................................................ 3

*In re Dynegy, Inc. Sec. Litig.*,
   339 F. Supp. 2d 804 (S.D. Tex. 2004) .................................................................................. 6

*In re Enron Corp. Sec., Deriv. & ERISA Litig.*,
   No. H-01-3624, 2003 WL 230688 (S.D. Tex. Jan. 28, 2003) ............................................... 6

*In re Flag Telecom Hldgs., Ltd. Sec. Litig.*,
   308 F. Supp. 2d 249 (S.D.N.Y. 2004) ................................................................................... 8

*In re Global Crossing, Ltd. Sec. Litig.*,
   No. 02 Civ. 910 (GEL), 2005 WL 1907005
   (S.D.N.Y. Aug. 8, 2005) ............................................................................................. 8

*In re Ichinose*,
   946 F.2d 1169 (5th Cir. 1991) .................................................................................... 3

*In re Kosmos Energy Ltd. Sec. Litig.*,
   955 F. Supp. 2d 658 (N.D. Tex. 2013) ............................................................... *passim*

*Katz* v. *Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974) ....................................................................................... 4

*Kuzinski* v. *Schering Corp.*,
   614 F. Supp. 2d 247 (D. Conn. 2009) ......................................................................... 5

*Lailhengue* v. *Mobil Oil Corp.*,
   775 F. Supp. 908 (E.D. La. 1991) ............................................................................... 5

*LLDVF, L.P.* v. *DiNicola*,
   No. 09-1280 (JLL), 2010 WL 3210613
   (D.N.J. Aug. 12, 2010) ........................................................................................... 8, 9

*McLaurin* v. *United States*,
   No. 2:06-cv-169-KS-MTP, 2008 WL 782487
   (S.D. Miss. Mar. 24, 2008) ......................................................................................... 4

*Merck & Co.* v. *Reynolds*,
   559 U.S. 633 (2010) ................................................................................................ 7–8

*Muniz* v. *Sabol*,
    517 F.3d 29 (1st Cir. 2008) ....................................................................................... 5

*One Longhorn Land I, L.P.* v. *FF Arabian, LLC*,
   No. 4:15-cv-203-RC-CMC, 2015 WL 7432360
   (E.D. Tex. Nov. 23, 2015) .......................................................................................... 8

*Reese* v. *BP Exploration (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) ................................................................................... 10

*Ryan* v. *Flowserve Corp.*,
   444 F. Supp. 2d 718 (N.D. Tex. 2006) .............................................................. 3, 5, 11

*Shipping Corp. of India, Ltd.* v. *Jaldhi Overseas
   PTE Ltd.*, No. 08 Civ. 4328 (JSR),
   2008 WL 2596229 (S.D.N.Y. June 27, 2008),
   *aff'd in part, vacated in part on other grounds*,
   585 F.3d 58 (2d Cir. 2009) ......................................................................................... 5

*Sloane Overseas Fund, Ltd.* v. *Sapiens Int'l Corp.,
   N.V.*, 941 F. Supp. 1369 (S.D.N.Y. 1996) .................................................................. 8

*Tesco Corp.* v. *Weatherford Int'l Inc.*,
    722 F. Supp. 2d 755 (S.D. Tex. 2010) ............................................................................ 3

*Theoharous* v. *Fong*,
    256 F.3d 1219 (11th Cir. 2001),
    *abrogated on other grounds by*
    *Merck & Co.* v. *Reynolds*, 559 U.S. 633 (2010) ............................................................ 7

*Trendsetter Inv'rs, LLC* v. *Hyperdynamics Corp.*,
    No. H-06-0746, 2007 WL 172627
    (S.D. Tex. Jan. 18, 2007) ................................................................................................ 8

*Umatilla Waterquality Protective Ass'n* v.
    *Smith Frozen Foods, Inc.*,
    962 F. Supp. 1312 (D. Or. 1997) ............................................................................... 5–6

*Zishka* v. *Am. Pad & Paper Co.*,
    No. 3:98-cv-0660-M, 2001 WL 1748741,
    (N.D. Tex. Sept. 28, 2001), *aff'd*,
    72 F. App'x 130 (5th Cir. 2003) ................................................................................ 6–8

**Statutes and Rules**

15 U.S.C. § 77*o* ....................................................................................................................... 1

28 U.S.C. § 1292(b) ......................................................................................................... *passim*

FED. R. APP. P. 5(a)(3) ............................................................................................................. 3

**Other Authorities**

4 AM. JUR. 2D *Appellate Review* § 123 (2015) ........................................................................ 6

16 CHARLES A. WRIGHT, ARTHUR R. MILLER &
    EDWARD H. COOPER, FED. PRAC. & PROC. § 3930
    (2d ed. 1996 & Supp. 2005) ........................................................................................... 3

The Goldman Sachs Group, Inc., Riverstone Holdings LLC, First Reserve, ACM Ltd. (formerly KERN Partners Ltd.) and The Carlyle Group L.P.—the private-equity sponsor defendants—respectfully request that the Court amend its January 19, 2016 Memorandum and Order to include a certification under 28 U.S.C. § 1292(b) so that they may seek interlocutory appellate review of the following controlling legal questions central to the claims asserted against them under Section 15 of the Securities Act of 1933, 15 U.S.C. § 77*o*:

1. Whether a complaint can state a claim for control-person liability merely by alleging that a private-equity sponsor owned a minority of a company's shares and appointed a minority of the company's board.

2. In the absence of any allegations that separate private-equity sponsors acted jointly to control the primary defendant, whether such separate sponsors may be treated as a group for purposes of determining whether a complaint states a control-person claim against each of them.

The private-equity sponsor defendants also join in, and incorporate by reference, the motions filed by the Cobalt and underwriter defendants under 28 U.S.C. § 1292(b), as well as those defendants' request that this Court exercise its discretion to stay further proceedings pending the completion of the interlocutory review process.

## INTRODUCTION

In denying the private-equity sponsor defendants' motions to dismiss the consolidated amended complaint's control-person claims, the Court acknowledged that there is no controlling precedent from the Supreme Court or the Fifth Circuit "establishing the pleading requirements for § 15." Order at 30. And the Court recognized that the control allegations against each sponsor were quite "limited," *id.* at 32—limited to pleading that each owned a minority of Cobalt's shares and could appoint

a minority of its board.  Even so, the Court denied the sponsors' motion under a "relaxed" and "lenient" pleading standard, holding that—considered "together"—the sponsors' aggregate share ownership gave them "the ability to elect a majority of Cobalt's [b]oard" and "every [b]oard committee except the Audit Committee."  *Id.* at 30.

The private-equity sponsor defendants respectfully submit that there is a substantial difference of opinion among district courts in the Fifth Circuit—and courts outside this Circuit—on what is required under Section 15.  In particular, multiple cases in this Circuit with substantially similar facts have held that a private-equity sponsor's status as a minority stockholder with the ability to designate only a minority of the primary defendant's board is not—as a matter of law—sufficient to state a control-person claim at the pleading stage.  These cases also hold that, as a matter of law, it is not appropriate to aggregate different sponsors' share ownership and board seats for purposes of determining whether they could control a corporation as a group without some plausible basis to treat them as a single unit.  As to both these holdings, the decisions in this Circuit draw on and contribute to a considerable body of case law developed across the country.

Given this intra-Circuit split of authority, and given that the Fifth Circuit has not yet spoken on the questions of law under Section 15 that control here, the private-equity sponsor defendants respectfully request that the Court grant this motion and certify its order for interlocutory review.

### NATURE AND STAGE OF THE PROCEEDING

On May 1, 2015, plaintiffs filed the consolidated amended complaint, which asserted that the private-equity sponsors are secondarily liable, as controlling persons

2

under Section 15(a) of the Securities Act of 1933, for primary violations of Section 11 of that Act allegedly committed by Cobalt and some of its directors. On January 19, 2016, the Court issued its order denying the private-equity sponsors' motion to dismiss this claim.

## ARGUMENT

Under 28 U.S.C. § 1292(b), a district court may certify for interlocutory review an order that involves (1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion where (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). Under Federal Rule of Appellate Procedure 5(a), a district court may amend its order to add the certification. *See* FED. R. APP. P. 5(a)(3). The private-equity sponsor defendants respectfully submit that the Court's order satisfies each of these three elements.

### A. The order involves controlling questions of law.

Under Section 1292(b), an order involves a controlling question of law where it addresses "an abstract legal issue," *In re BP p.l.c. Sec. Litig.*, No. 4:10-cv-4214, 2015 WL 926199, at *2 (S.D. Tex. Mar. 4, 2015); *Barker* v. *Halliburton Co.*, No. H-07-2677, 2008 WL 536640, at *1 (S.D. Tex. Feb. 27, 2008), that has the potential "to have some impact on the course of the litigation," thereby "sav[ing] time for the district court, and time and expense for the litigants," *see, e.g., Ryan* v. *Flowserve Corp.*, 444 F. Supp. 2d 718, 722–23 (N.D. Tex. 2006) (citing 16 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FED. PRAC. & PROC. § 3930 at 426 & n.25 (2d ed. 1996 & Supp. 2005)); *Tesco Corp.* v. *Weatherford Int'l Inc.*, 722 F. Supp. 2d 755, 766 (S.D. Tex. 2010). This standard is met, for example, where the incorrect disposition of the question would

be reversible error. *See, e.g.*, *McLaurin* v. *United States*, No. 2:06-cv-169-KS-MTP, 2008 WL 782487, at *2 (S.D. Miss. Mar. 24, 2008); *see also Katz* v. *Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

The Court's order presents two controlling questions of law regarding the applicable pleading standard for a Section 15 claim. The first is whether a complaint can state a claim merely by alleging a defendant's status as a minority stockholder that has the right to appoint a minority of a company's directors. The order recognized that plaintiffs' allegations of control were "limited" only to the incidents of the private-equity sponsors' respective stock ownership, including the ability for each to designate one or two of its employees as directors and vote their shares in elections and other matters decided by the shareholder franchise. Order at 30–32. Nonetheless, the order found these allegations to be sufficient under "a 'relaxed' and 'lenient'" pleading standard. *Id.* at 30. The consolidated amended complaint contains no other well-pleaded allegations establishing the exercise of control. Accordingly, if the Fifth Circuit determines that a plaintiff must, as a matter of law, offer plausible allegations beyond stockholder status, plaintiffs' Section 15 claims would be required to be dismissed as to all private-equity sponsor defendants.

The second and related question of law that controls is whether separate sponsors' respective minority share ownership and board designations may be aggregated under Section 15 in the absence of any well-pleaded allegations that they acted jointly to control the primary defendant. The order held that the complaint adequately pled that the sponsors "*together* controlled Cobalt" based on each: (i) owning significant Cobalt stock ownership and (ii) having the ability to elect and purportedly influence a majority of Cobalt's board and several of its committees. *Id.* at 30 (emphasis added). This holding,

4

however, depends entirely on treating the five independent private-equity sponsors as a single unit. As the order makes clear, for example, each of these defendants had, at most, the ability to appoint only two of Cobalt's directors and there is no allegation that any one defendant owned a majority of Cobalt's stock. *See id.* at 30. And so if the Fifth Circuit determines that a plaintiff must plead some plausible basis to treat independent sponsors as a group for purposes of Section 15, plaintiffs' Section 15 claims would again be required to be dismissed as to all private-equity sponsor defendants.

**B.     There are substantial grounds for difference of opinion.**

Section 1292(b)'s requirement that there be "a substantial ground for difference of opinion" regarding a controlling issue of law is satisfied where there is reason "to believe that a reasonable appellate judge could vote for reversal of the challenged order." *Ryan*, 444 F. Supp. 2d at 723. This element is satisfied when, among other situations, "there is substantial difference of opinion on this issue among various district court judges in the Fifth Circuit." *Gautier* v. *Plains Pipeline, LP*, No. 12-1064, 2012 WL 4483003, at *3 (E.D. La. Sept. 28, 2012); *accord Lailhengue* v. *Mobil Oil Corp.*, 775 F. Supp. 908, 914 (E.D. La. 1991); *see, e.g.*, *Kuzinski* v. *Schering Corp.*, 614 F. Supp. 2d 247, 250 (D. Conn. 2009); *Asis Internet Servs.* v. *Active Response Grp.*, No. C07 6211 TEH, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008) (citing *Muniz* v. *Sabol*, 517 F.3d 29, 32 (1st Cir. 2008)); *Shipping Corp. of India, Ltd.* v. *Jaldhi Overseas PTE Ltd.*, No. 08 Civ. 4328 (JSR), 2008 WL 2596229, at *1 (S.D.N.Y. June 27, 2008), *aff'd in part, vacated in part on other grounds*, 585 F.3d 58 (2d Cir. 2009); *Dew* v. *Nabisco, Inc.*, No. 3:99CV117, 1999 WL 33228565, at *9 (E.D. Va. Oct. 4, 1999); *Cooper Indus., Inc.* v. *Agway, Inc.*, 987 F. Supp. 92, 102 (N.D.N.Y. 1997); *Umatilla Waterquality Protective Ass'n* v. *Smith*

5

*Frozen Foods, Inc.*, 962 F. Supp. 1312, 1323 (D. Or. 1997); 4 AM. JUR. 2D *Appellate Review* § 123.

Such conflicts are presented here. The Court held that a plaintiff may state a control-person claim by alleging that a defendant "possessed the power to control the primary violator," but acknowledged that the pleading standard is unsettled, with no Supreme Court or Fifth Circuit decision on point. Order at 30. The pleading standard the Court applied is contrary to multiple decisions in this Circuit involving very similar—if not substantially identical—allegations. As such, certification is necessary to resolve a genuine doubt as to the correct pleading standard under Section 15.

### *1.     Control based on minority stockholder status*

*First*, a substantial ground for difference of opinion exists on whether the Court's order correctly determined that a defendant's mere status as a minority stockholder with the ability to designate a minority of a board or board committees suffices to state a control-person claim.

To begin with, multiple decisions from district courts in this Circuit have held that, at the pleading stage, "'[s]tatus alone as to persons not involved in day to day management is legally insufficient to support' a control person claim." *E.g.*, *In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 675 (N.D. Tex. 2013) (citing *Zishka* v. *Am. Pad & Paper Co.*, No. 3:98-cv-0660-M, 2001 WL 1748741, at *1 (N.D. Tex. Sept. 28, 2001), *aff'd*, 72 F. App'x 130 (5th Cir. 2003)); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, No. H-01-3624, 2003 WL 230688, at *9 (S.D. Tex. Jan. 28, 2003); *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 828 (S.D. Tex. 2004); *Dartley* v. *ErgoBilt Inc.*, No. 3:98-cv-1442-M, 2001 WL 313964, at *1 (N.D. Tex. Mar. 29, 2001).

6

And several of these decisions are on all fours with the allegations here. In *Kosmos*, the plaintiff accused two private-equity sponsors of being control persons because they each held a minority of, but together owned a majority of, the stock of an oil exploration and production company, and had designated several of their executives as directors on the company's board. 955 F. Supp. 2d at 674. In *Zishka*, the plaintiffs accused a private-equity sponsor of being a control person because it owned 38 to 50 percent of the primary defendant and appointed a minority of its board. 2001 WL 1748741, at *1. And in *Dartley*, the plaintiffs accused the fourth largest stockholder of the primary defendant of being a control person because he could appoint a minority of the board and was a member of a voting agreement whose members controlled a majority of the shares of the primary defendant. 2001 WL 313964, at *1.

Each of these courts dismissed these claims at the pleading stage because, in the absence of allegations that the alleged controllers "were somehow involved in [the primary defendant's] operations (day-to-day or long-term), decisionmaking, or planning":

- ➢ Significant minority stock ownership alone does not constitute control under Section 15, *Dartley*, 2001 WL 313964, at *1;
- ➢ Appointing a minority of the seats on a board alone does not constitute control under Section 15, *Zishka*, 2001 WL 1748741, at *1; and
- ➢ "[T]he 'mere fact' that certain [board designees] held high positions with … and were appointed … by [the alleged controllers], 'cannot, standing alone, establish that they acted as agents, or acted under the control,' of those defendants" under Section 15, *Kosmos*, 955 F. Supp. 2d at 675–76 (internal citation omitted).

Indeed, many courts from outside the Fifth Circuit have similarly held that minority stockholder status and board representation, without more, is insufficient as a matter of law to state a control-person claim. *See, e.g.*, *Theoharous* v. *Fong*, 256 F.3d 1219, 1227–28 (11th Cir. 2001), *abrogated on other grounds by Merck & Co.* v.

7

*Reynolds*, 559 U.S. 633 (2010); *LLDVF, L.P.* v. *Dinicola*, No. 09-1280 (JLL), 2010 WL 3210613, at *12–13 (D.N.J. Aug. 12, 2010); *Fouad* v. *Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 492 (S.D.N.Y. 2005); *In re Global Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910 (GEL), 2005 WL 1907005, at *13 (S.D.N.Y. Aug. 8, 2005); *In re Flag Telecom Hldgs., Ltd. Sec. Litig.*, 308 F. Supp. 2d 249, 273–74 (S.D.N.Y. 2004); *Sloane Overseas Fund, Ltd.* v. *Sapiens Int'l Corp., N.V.*, 941 F. Supp. 1369, 1379 (S.D.N.Y. 1996).

The private-equity sponsor defendants respectfully submit that the *One Longhorn* and *Trendsetter* cases cited by the Court in support of a "relaxed" pleading standard do nothing to alter the pleading standard set forth in *Kosmos*, *Zishka*, *Dartley* and the numerous out-of-Circuit cases set forth above. For one thing, *One Longhorn* and *Trendsetter* both involve allegations that the alleged control person could control the *day-to-day* operations of the primary violator—allegations that are not present here. *One Longhorn Land I, L.P.* v. *FF Arabian, LLC*, No. 4:15-cv-203-RC-CMC, 2015 WL 7432360, at *3 (E.D. Tex. Nov. 23, 2015); *Trendsetter Inv'rs, LLC* v. *Hyperdynamics Corp.*, No. H-06-0746, 2007 WL 172627, at *26 (S.D. Tex. Jan. 18, 2007). For another thing, they discuss a "relaxed" pleading standard for control-person claims only in the sense that the heightened pleading burdens of Rule 9(b) and the PSLRA do not apply to such claims. *See One Longhorn*, 2015 WL 7432360, at *2. Neither case "relaxes" the requirement from *Kosmos*, *Zishka* and *Dartley* that a plaintiff must plead more than mere status as a minority stockholder with minority board representation to state a control-person claim against a private-equity sponsor not involved in day-to-day management of the primary violator.

Regardless of the proper interpretation of *One Longhorn* and *Trendsetter*, there is undoubtedly a pronounced conflict between the Court's decision and *Kosmos*, *Zishka* and *Dartley*. Indeed, if one assumes that *One Longhorn* and *Trendsetter* support the Court's pleading standard, that only deepens the already clear split of authority. Accordingly, the difference of opinion regarding whether a plaintiff can state a claim for control-person liability by pleading a private-equity sponsor's status as a minority stockholder with rights to appoint a minority of a board warrants immediate appellate review.

### 2. *Control based on aggregating share ownership and board appointments by multiple unrelated defendants*

*Second*, substantial ground for difference of opinion exists over whether the order properly conflated the private-equity sponsors into a single unit in its control-person analysis.

Under Section 15, "each defendant's control must be evaluated separately unless there is *some basis* on which to consider their collective action." *E.g.*, *LLDVF*, 2010 WL 3210613, at *12 (emphasis added). Consistent with this principle, the *Kosmos* court rejected the plaintiff's "conclusory" attempt to plead that Blackstone and Warburg, whose affiliates together held 82 percent of Kosmos's stock, had acted jointly to exercise control over Kosmos "given the lack of allegations of how [Blackstone and Warburg] were involved in Kosmos'[s] affairs, either separately or jointly." *Kosmos*, 955 F. Supp. 2d at 676 n.24. Here, plaintiffs do not even attempt to make the kind of conclusory allegations of joint action found deficient in *Kosmos*.

The *Kosmos* court similarly rejected the plaintiff's attempt to show that Blackstone and Warburg had acted jointly to control Kosmos by pointing to Kosmos' disclosure—essentially identical to the one plaintiffs point to here—that "it was a

9

controlled company under the NYSE rules." *See id*. at 676. Because this disclosure indicated only that Kosmos had "elect[ed] … to take advantage of certain exceptions to NYSE reporting requirements[,]" and nothing more, the *Kosmos* court held that the reporting requirements were "largely irrelevant in determining whether the complaint alleges control person liability" and noted that it was aware of no cases that had ever held otherwise. *Id*. at 676–77 & n.25.

*Kosmos* and other cases inside and outside this Circuit make clear that without some plausible allegation that private-equity sponsors acted jointly to control the primary violator, it is not proper under Section 15 to aggregate their respective stock ownership and board designations to find that they had the power to exert "majority" control over that primary violator. *See id*. at 676 n.24; *Dartley*, 2001 WL 313964, at *1; *accord Fouad*, 2008 WL 5412397, at *13. Thus, there is also a difference of opinion on whether allegations of minority stock ownership and board representation among independent private-equity sponsors may be aggregated in the absence of any allegations of joint action in determining control-person liability under Section 15. That difference also warrants immediate appellate review.

### C.  Interlocutory review will materially advance termination of this case.

Section 1292(b)'s requirement that interlocutory appeal materially advance termination of this case is also clearly met here. If the Fifth Circuit agrees that Section 15 requires more than merely alleging minority stock ownership and board representation to plead a control-person claim, this case is over as to all five private-equity sponsors. *See Reese* v. *BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that the potential dismissal of some defendants is "sufficient to advance materially the

10

litigation"). In addition, the fact that the Cobalt defendants and the underwriter defendants have also filed motions seeking interlocutory review on dispositive issues, motions that the private-equity sponsor defendants join, *see* p.1 above, makes it possible that interlocutory review could end the *entire* case. In any event, certification would "minimize burdens" on both the parties and the Court while permitting the Fifth Circuit to clarify the applicable pleading standard under Section 15, which would have substantial precedential value for future securities actions in this Circuit. *E.g.*, *Ryan*, 444 F. Supp. 2d at 723; *APCC Servs., Inc.* v. *AT&T Corp.*, 297 F. Supp. 2d 101, 109 (D.D.C. 2003).

## CONCLUSION

The Goldman Sachs Group Inc., Riverstone Holdings LLC, First Reserve, ACM Ltd. (formerly KERN Partners Ltd.) and The Carlyle Group, L.P. respectfully request that the Court certify its January 19 order for an interlocutory appeal under 28 U.S.C. § 1292(b).

Respectfully submitted,

/S/ ROBERT A. VAN KIRK
Robert A. Van Kirk
Federal I.D. No. 386734
   Attorney-in-Charge
George A. Borden
Federal I.D. No. 354026
John S. Williams
Federal I.D. No. 2543133
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
rvankirk@wc.com
gborden@wc.com
jwilliams@wc.com

*Attorneys for Defendant*
  *The Carlyle Group L.P.*

/S/ GEORGE T. CONWAY III
George T. Conway III (*pro hac vice*)
   Attorney-in-Charge
Adam D. Gold (*pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
gtconway@wlrk.com
adgold@wlrk.com

Ronald L. Oran Jr.
Texas Bar No. 24072268
S.D. Tex. Bar No. 1065184
STRASBURGER & PRICE, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010
Telephone: (713) 951-5600
Facsimile: (713) 951-5660
ron.oran@strasburger.com

*Attorneys for Defendants The Goldman*
  *Sachs Group, Inc., Riverstone Holdings*
  *LLC, First Reserve, and ACM Ltd.*

February 3, 2016

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that on the 3rd day of February, 2016, Russell Lewis of Baker Botts L.L.P. conferred with Andrew Entwistle, counsel for the plaintiffs, on behalf of all defendants about the relief requested in the defendants' motions to certify the order for interlocutory appeal under 28 U.S.C. § 1292(b). Mr. Entwistle indicated that his clients are opposed.

                                                 /S/ RONALD L. ORAN JR.
                                                   Ronald L. Oran Jr.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 3rd day of February, 2016, a true and correct copy of the foregoing was forwarded to all known counsel of record via the Court's electronic notification system.

                                                 /S/ RONALD L. ORAN JR.
                                                   Ronald L. Oran Jr.