United States District Court
Southern District of Texas
**ENTERED**
March 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE COBALT INTERNATIONAL       §
ENERGY, INC. SECURITIES          §          CIVIL ACTION NO. H-14-3428
LITIGATION                       §

## <u>MEMORANDUM AND ORDER</u>

This securities case is before the Court on the Motions to Certify Order for

Interlocutory Appeal ("Motions to Certify") filed by Defendants Goldman Sachs

Group, Inc., Riverstone Holdings LLC ("Riverstone"), First Reserve, ACM Ltd., and

The Carlyle Group L.P. (collectively, "Control Defendants") [Doc. # 117]; by Cobalt

International Energy, Inc. ("Cobalt"), Joseph H. Bryant, James W. Farnsworth, John

P. Wilkirson, Peter R. Coneway, Henry Cornell, Jack E. Golden, N. John Lancaster,

Jon A. Marshall, Kenneth W. Moore, J. Hardy Murchison, Michael G. France,

Kenneth A. Pontarelli, Scott L. Lebovitz, Myles W. Scoggins, D. Jeff van

Steenbergen, Martin H. Young, Jr., and William P. Utt (collectively, the "Cobalt

Defendants") [Doc. # 118]; and by Defendants Goldman, Sachs & Co. ("Goldman

Sachs"), Morgan Stanley & Co. LLC, Credit Suisse Securities (USA) LLC, Citigroup

Global Markets Inc., J.P. Morgan Securities LLC, Tudor, Pickering, Holt & Co.

Securities, Inc., Deutsche Bank Securities Inc., RBC Capital Markets, LLC, UBS

Securities LLC, Howard Weil Incorporated, Stifel, Nicolaus & Company, Incorporated, Capital One Southcoast, Inc., and Lazard Capital Markets LLC (collectively, "Underwriter Defendants") [Doc. # 120].   Pursuant to 28 U.S.C. § 1292(b), Defendants seek certification of the Court's Memorandum and Order [Doc. # 108] entered January 19, 2016.[1]

Plaintiffs filed an Omnibus Opposition [Doc. # 121], and a Reply was filed by the Control Defendants [Doc. # 122], the Underwriter Defendants [Doc. # 123], and the Cobalt Defendants [Doc. # 124].   The Court has reviewed the record, including its January 19, 2016 Memorandum and Order.   Based on this review, consideration of the parties' arguments, and the application of binding and persuasive legal authorities, the Court **denies** the pending Motions to Certify.

## I.   BACKGROUND

The factual background of this lawsuit was set forth fully in the Court's January 19, 2016 Memorandum and Order.   Briefly, Cobalt is an exploration and production company that was formed in 2005 as a private company.   Cobalt conducted an initial public offering ("IPO") of its shares in December 2009.

---

[1]     Section 1292(b) allows the Court to certify for interlocutory appeal a non-final order if the Court finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

Previously, in 2007, Cobalt had entered into an agreement with Sonangol E.P. ("Sonangol"), the Angolan national oil company, to acquire a 40% interest in oil exploration Blocks in offshore Angola.  In 2009, the Angolan Parliament issued two decrees assigning an interest in the Blocks to Nazaki Oil & Gaz ("Nazaki"), Sonangol P&P, and Alper Oil, Limitada ("Alper").

On January 4, 2011, Cobalt filed a Registration Statement and Prospectus ("January 2011 Registration Statement") with the Securities and Exchange Commission ("SEC").  Based on this January 2011 Registration Statement, Cobalt conducted, *inter alia*, a stock offering in late February 2012 ("February 2012 Stock Offering") and a bond offering in December 2012 ("2012 Bond Offering").

On March 10, 2011, Cobalt learned that the SEC was conducting an informal inquiry into allegations that there existed a connection between Nazaki and senior government officials in Angola.  The next day, Cobalt contacted the Department of Justice ("DOJ") regarding the same allegations.  Both the SEC and the DOJ engaged in formal investigations into whether Cobalt had violated the Foreign Corrupt Practices Act of 1977.  The SEC investigation terminated in January 2015 with no recommendation for enforcement action against Cobalt.  The DOJ investigation is ongoing.

On November 30, 2014, Plaintiffs St. Lucie County Fire District Firefighters' Pension Trust Fund ("St. Lucie") and Fire and Police Retiree Health Care Fund, San Antonio filed a Class Action Complaint [Doc. # 1] alleging violations of the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act").  On December 5, 2014, Steven Neuman filed a Complaint [Doc. # 1 in Civil Action No. H-14-cv-3488], alleging violations of the Securities Act and the Exchange Act.  By Orders [Docs. # 67 and # 68] entered March 3, 2015, the Court consolidated the two civil cases and appointed lead Plaintiffs.

On May 1, 2015, Plaintiffs filed their Consolidated Amended Class Action Complaint ("Complaint") [Doc. # 72], asserting claims under the Exchange Act and the Securities Act.  Defendants filed Motions to Dismiss, which were denied in most respects in the January 19, 2016 Memorandum and Order.

Defendants have now filed their Motions to Certify the January 19, 2016 Memorandum and Order for interlocutory appeal.  The Motions to Certify have been fully briefed and are ripe for decision.

## II.    APPLICABLE LEGAL STANDARD

Certification of an interlocutory appeal from an order is permitted if the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the litigation." *Nguyen v. Am. Comm. Lines, L.L.C.*, 805 F.3d 134, 137-38 (5th Cir. 2015) (quoting 28 U.S.C. § 1292(b)).  "Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. June 2, 2015) (quoting *Allen v. Okam Holdings, Inc*., 116 F.3d 153, 154 (5th Cir. 1997)).  "Section 1292(b) appeals are exceptional."  *Derrick Petroleum Servs. v. PLS, Inc.*, 2015 WL 224991, *2 (S.D. Tex. Jan. 15, 2015) (quoting *Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983)).

General standards for § 1292(b) certification that have commonly been identified by courts include:  (1) "the decision to permit such an appeal is firmly within the district court's discretion;" (2) the statute "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion;" (3) "the issue for appeal must involve a question of *law* – not fact" and a "'question of law' does *not* mean the application of settled law to disputed facts;" (4) the "issue for appeal must involve a *controlling* question of law;" (5) permitting an interlocutory appeal must "speed up the litigation;" and (6) "there must be substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b)."  *See Ryan v. Flowserve Corp*., 444 F. Supp. 2d 718, 722-23 (N.D. Tex. 2006) (emphasis in original).  "District courts have unfettered discretion to deny

certification, even when all [statutory criteria] are satisfied." *Nieman v. City of Dallas*, 2016 WL 470235, *3 (N.D. Tex. Feb. 8, 2016) (Lynn, J.); *see also Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 141 (E.D.N.Y. 2015); *Villareal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015).

## III.   ANALYSIS

### A.   Controlling Question of Law

The first requirement for certification under § 1292(b) is that the issue for appeal must involve a controlling question of law.  A "controlling question of law – although not consistently defined – at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation – thereby saving time and expense for the court and the litigants." *Ryan*, 444 F. Supp. 2d at 723.

**Control Defendants.—**  The Control Defendants seek certification of the following issues for interlocutory appeal:

1.   Whether a complaint can state a claim for control-person liability merely by alleging that a private-equity sponsor owned a minority of a company's shares and appointed a minority of the company's board.

2.   In the absence of any allegations that separate private-equity sponsors acted jointly to control the primary defendant, whether such separate sponsors may be treated as a group for purposes of determining whether a complaint states a control-person claim against each of them.

Control Defendants' Motion to Certify, p. 6.

In the January 19, 2016 Memorandum and Order, the Court set forth the requirements for § 15 control person liability, noting that the SEC defines "control" to mean the "possession, direct or indirect, of the power to direct or cause the direction of management and policies of a person, whether through ownership of voting securities, by contract, or otherwise."  Memorandum and Order, p. 29 (citing 17 C.F.R. § 230.405).  The Court noted that control can be established by "business relationships, interlocking directors, family relations, or the power to influence and control the activities of another."  *Id.* (citing *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 828 (S.D. Tex. 2004)).  The Court stated specifically that a "plaintiff needs to allege some facts beyond the defendant's position or title that show the defendant had actual power or control over the controlled person."  *Id.* at 29-30 (citations omitted).  The Court noted further that whether a defendant is a § 15 control person "is an intensely factual question."  *Id.* at 30, 31.  The Court found that Plaintiffs in this case alleged facts beyond the Control Defendants' positions by alleging, *inter alia*, "that the Control Defendants possessed the ability to control or influence Cobalt's day-to-day operation because a Stockholder Agreement gave them the right to select a majority of the members of every Board Committee except the Audit Committee" and that Cobalt stated in SEC filings that its "four largest

stockholders collectively own approximately 72% of [Cobalt's] outstanding stock" and "have significant influence over all matters that require approval by [the] shareholders, including election of directors and approval of significant corporate transactions." *Id.* at 30-31.

The Court finds that the issues the Control Defendants want certified for interlocutory appeal are not controlling questions of law but are, instead, issues regarding the Court's application of established legal principles to the factual allegations in this lawsuit. As a result, the Control Defendants have failed to satisfy the first requirement for § 1292(b) certification, and their Motion to Certify is denied.

*Cobalt Defendants.*— The Cobalt Defendants seek certification of the following issues for interlocutory appeal:

1.  Even if a complaint identifies a confidential witness ("CW") by his or her job title, responsibilities, and tenure, must a district court analyze at the motion to dismiss stage whether the complaint adequately pleads that the CW could have personal knowledge of each allegation he or she makes before deciding whether to credit those allegations . . .?

2.  Must a district court analyze at the motion to dismiss stage the reliability and accuracy of articles and their underlying sources to determine whether they satisfy the [applicable pleading standards]?

Cobalt Defendants' Motion to Certify, p. 1.

In their Motion to Dismiss, the Cobalt Defendants asked the Court to disregard allegations based on information from confidential witnesses and various published articles.  In the January 19, 2016 Memorandum and Order, the Court noted correctly that courts often discount allegations from confidential sources.  Memorandum and Order, p. 8 (citing *Ind. Elec. Workers' Pension Trust Fund v. Shaw Group, Inc*., 537 F.3d 527, 535 (5th Cir. 2008)).  The Court then stated, however, that in this case,  "the confidential witnesses not identified by name are adequately identified in other ways ***and the basis for their knowledge is set forth in the Complaint***."  *Id.* (emphasis added).

With reference to the published articles cited by Plaintiffs in support of the allegation that the Cobalt Defendants had knowledge that Nazaki and Alper were owned by Angolan government officials, the Court noted that the content of the articles was properly alleged and that the articles provided only one source of evidentiary support of the claim that the Cobalt Defendants made false or misleading statements.  *Id.* at 9.

The issues that the Cobalt Defendants ask this Court to certify for interlocutory appeal are not controlling questions of law.  Instead, they are issues regarding the Court's application of established legal principles to the factual allegations in this lawsuit.  Additionally, with reference to the published articles, the issue would not be

controlling because there were other allegations to support Plaintiffs' assertion that the Cobalt Defendants had knowledge of the relationship among Nazaki, Alper, and the Angolan government officials. As a result, the Cobalt Defendants have failed to satisfy the first requirement for § 1292(b) certification, and their Motion to Certify is denied.

*Underwriter Defendants.*— The Underwriter Defendants seek certification of the following question for interlocutory appeal:

> Whether a Securities Act claim is timely under its three-year statute of repose, where it is brought by a person who purchased different securities in a different offering, and where the different offering was based on the same shelf registration statement filed more than three years prior to suit.

Underwriter Defendants Motion to Certify, p. 3. Plaintiffs concede, and the Court agrees, that this is a controlling question of law as to the statute of repose defense.

### B.   <u>Substantial Ground for Difference of Opinion</u>

The second requirement for certification under § 1292(b) is that there is a substantial ground for difference of opinion regarding the controlling question of law. "[C]ourts have found substantial ground for difference of opinion where a trial court rules in a manner which appears contrary to rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on point, if complicated questions arise under

foreign law, or if novel and difficult questions of first impression are presented."

*Ryan*, 444 F. Supp. 2d at 723-24 (internal quotation and citation omitted); *Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil*, 2015 WL 851920, *2 (S. D. Tex. Feb. 26, 2015). "But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Ryan*, 444 F. Supp. 2d at 724; *see also Ministry of Oil*, 2015 WL 851920 at *2.

As noted above, the Control Defendants and the Cobalt Defendants have not raised issues that are ready for presentation. All of the questions they identify are fact-intensive, not suitable for disposition on the pleadings. The issue posed by the Underwriter Defendants, however, warrants a closer evaluation on the question of "substantial ground for difference of opinion."

In the January 19, 2016 Memorandum and Order, the Court held that the allegations in Plaintiffs' Complaint established for purposes of a motion to dismiss that St. Lucie had standing when it filed its Class Action Complaint on November 30, 2014, to assert the Securities Act claim based on Cobalt's February 2012 Offering. The Court held that St. Lucie had standing because it purchased Cobalt securities in the December 2012 Bond Offering that was based on the same January 2011

Registration Statement and Prospectus as the February 2012 Offering. *See* Memorandum and Order, pp. 21-24.

Although the statute of repose issue is a controlling question of law, the Court does not find that there exists a substantial ground for difference of opinion. The Fifth Circuit has held that Section 11's "standing provisions limit putative plaintiffs to the narrow class of persons consisting of those who purchase securities that are the direct subject of the prospectus and registration statement." *Krim v. pcOrder.com, Inc*., 402 F.3d 489, 495 (5th Cir. 2005). Other federal courts of appeals have held the same. *See, e.g., DeMaria v. Andersen*, 318 F.3d 170, 175 (2d Cir. 2003) (holding that § 11 provides a cause of action for any person who acquired a security issued pursuant to a materially false registration statement); *Lee v. Ernst & Young, LLP*, 294 F.3d 969, 976-77 (8th Cir. 2002) (stating that a § 11 plaintiff need only have purchased securities that were "originally registered under the allegedly defective registration statement – so long as the security was indeed issued under that registration statement and not another").

The Underwriter Defendants' reliance on the First Circuit's decision in *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, is unpersuasive. In that case, none of the named plaintiffs had purchased certificates issued by the defendants. *See Plumbers' Union*, 632 F.3d 762, 768 (2d Cir. 2011).

12

As a result, the First Circuit held that the plaintiffs lacked standing – with a qualification. *Id.* at 770.  The "qualification," described by the First Circuit in *dicta*, was that a plaintiff could have standing "where the claims of the named plaintiffs necessarily give them – not just their lawyers – essentially the same incentive to litigate the counterpart claims of the class members because the establishment of the named plaintiffs' claims necessarily establishes those of other class members."  *Id.* That is the case here.  In the November 2014 complaint, St. Lucie, as a purchaser in the December 2012 Bond Offering, challenged statements in the January 2011 Registration Statement on which both the December 2012 Bond Offering and the February 2012 Stock Offering were based.  Therefore, St. Lucie had the same incentive to litigate its challenge to the allegedly false Registration Statement as those purchasers of Cobalt stock in the February 2012 Stock Offering.

The Fifth Circuit in *Krim* addressed the issue that the Underwriter Defendants want certified.  The Fifth Circuit's decision in *Krim* is consistent with decisions by other courts of appeals, including the Second and the Eighth Circuits.  The First Circuit's decision in *Plumbers' Union* is not inconsistent with the Fifth Circuit's *Krim* decision and, therefore, does not demonstrate substantial ground for difference of opinion.  The Underwriter Defendants have failed to satisfy the second requirement

for § 1292(b) certification of an interlocutory appeal, and their Motion to Certify is denied.

### C.    Materially Advance the Ultimate Termination of the Litigation

The third requirement for certification under § 1292(b) is that the interlocutory appeal will materially advance the ultimate termination of the litigation.  Indeed, the "institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b)."  *Ryan*, 444 F. Supp. 2d at 723.  None of the moving Defendants has satisfied this element.

As to the questions raised by the Control Defendants and the Cobalt Defendants, an interlocutory appeal is unlikely to advance the ultimate termination of the lawsuit because, even if successful, the appeal will likely result in remand to this Court for Plaintiffs to have an opportunity to replead.  Therefore, an interlocutory appeal – even a successful one – will delay rather than advance final resolution of this dispute.

As to the question raised by the Underwriter Defendants, a successful appeal would materially advance the termination of the lawsuit as to only a few of the Defendants.  On this basis, also, the Court finds that an interlocutory appeal would not materially advance the final resolution of this lawsuit.  *See, e.g., ExxonMobil Corp. v. U.S.*, 108 F. Supp. 3d 486, 516 (S.D. Tex. 2015).

As to the questions raised by all Defendants, those issues can be appealed, if appropriate, after all remaining issues have been resolved.  The Court has handled, and will continue to handle, this case expeditiously.  The case will progress efficiently to final resolution, at which time all disputed issues can be raised in one appeal rather than piecemeal.

## IV.    CONCLUSION AND ORDER

As explained above, Defendants have failed to satisfy the three requirements for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  In any event, the Court does not find that this is an exceptional case that would benefit from an interlocutory appeal.  Therefore, in the exercise of this Court's discretion, it is hereby

**ORDERED** that the Motions to Certify Order for Interlocutory Appeal [Docs. # 117, # 118, and # 120] are **DENIED**.

SIGNED at Houston, Texas, this **14th** day of **March, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE