## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

*In re Cobalt International Energy, Inc.*
*Securities Litigation*

Lead Case No. 4:14-cv-03428

<u>CLASS ACTION</u>

## ANSWER OF THE CARLYLE GROUP, L.P.
## <u>TO THE CONSOLIDATED AMENDED COMPLAINT</u>

The Carlyle Group, L.P. ("Carlyle") hereby answers the Consolidated Amended

Class Action Complaint (the "Complaint").

### GENERAL RESPONSES

A.      Carlyle denies that it acted to control Cobalt International Energy, Inc.

("Cobalt").

B.      Carlyle denies that it acted jointly with The Goldman Sachs Group, Inc.,

Riverstone Holdings LLC, FRC Founders Corporation ("FRC"), and ACM Ltd. (f/k/a

KERN Partners Ltd.), (collectively, the "Sponsor Defendants") with respect to their

respective minority investments in Cobalt common stock.

C.      The Complaint contains many paragraphs containing quotations from

publicly available documents, including the Offering Documents[1] or other public

---

[1] The "Offering Documents" are defined to include (i) the Registration Statement filed on January 4, 2011, (ii) the Registration Statement filed on December 30, 2013, (iii) the February 2012 Offering Materials, (iv) the December 2012 Offering Materials, (v) the January 2013 Offering Materials, (vi) the May 2013 Offering Materials, and (vii) the May 2014 Offering Materials, as those terms are defined in the Amended Complaint, and any prior versions or subsequent amendments thereof (including materials incorporated by reference).

disclosures by Cobalt.  The publicly available documents speak for themselves, and no further response is required.  Carlyle incorporates into each of its responses to the allegations in the Complaint a denial of any and all allegations that the Offering Documents or other public disclosures by Cobalt were false or misleading in any respect.

D.     The Complaint contains many allegations that are opinions regarding legal matters.  No response is required to such matters of opinion.

E.     The Complaint contains various headings and subheadings.  Carlyle denies any characterizations or averments in the headings and subheadings.

F.     Except for the specific allegations or portions of allegations expressly admitted or responded to below, all other allegations, portions of allegations, and characterizations of facts by Plaintiffs are hereby denied.

## RESPONSES TO THE PARAGRAPHS OF THE COMPLAINT

"Introductory Paragraph":  First sentence: as to the footnote, admit that  Cobalt publicly offered stock on February 23, 2012, January 16, 2013 and May 8, 2013, 2.625% Convertible Senior Notes due 2019 on December 11, 2012, and 3.125% Convertible Senior Notes due 2024 on May 8, 2014 (the "Offerings"); no response required for the remaining averments.  Second, third, fourth, fifth, and sixth sentences: denied; without knowledge or information sufficient to form a belief as to the truth of the averments.

1.     First sentence: admitted. Second, third, and fourth sentences: admitted that Bryant was CEO of Cobalt in 2009; denied that the remaining averments completely or accurately describe Cobalt's business, operations, financial condition, compliance with applicable laws, and/or public disclosures.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents as well as Cobalt's

public statements and filings.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

2.     Denied to the extent the averments (a) suggest that Cobalt's public disclosures were materially false and misleading, or (b) express a legal conclusion; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

3.     Denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

4.     Fifth sentence: admitted that the Securities and Exchange Commission ("SEC") and Department of Justice ("DOJ") investigated aspects of Cobalt's operations in Angola.  First, second, third, fourth, and sixth sentences: denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; denied that any stock price movement or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of Carlyle; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents as well as public documents reporting the closing price of Cobalt's stock.

These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

5.      Denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

6.      First and fourth sentences: denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.  Second and third sentences: denied on information and belief as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established; otherwise without knowledge or information sufficient to form a belief as to the truth of the averments.

7.      Denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

8. Denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

9. Denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

10. First and second sentences: denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied. Third, fourth, and fifth sentences: denied on information and belief as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established; otherwise without knowledge or information sufficient to form a belief as to the truth of the averments.

11. First sentence: denied. Second sentence: admitted that Forms 4 filed with the SEC reflect stock sales by funds affiliated with Carlyle that held Cobalt common stock,

refer the Court to the Offering Documents, which speak for themselves, and all characterizations and averments inconsistent with them are denied; otherwise without knowledge or information sufficient to form a belief as to the truth of the averments.

12.  First, second, third, fourth, fifth, and seventh sentences: denied to the extent the averments suggest that Cobalt's public disclosures were false or misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Sixth sentence: denied that any stock price movement or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of Carlyle.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

13.  Denied, except Carlyle refers the Court to the public documents reporting the closing prices of Cobalt stock.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

14.  This paragraph asserts a legal conclusion, to which no response is required.

15.  First sentence: this sentence asserts a legal conclusion, to which no response is required.  Second sentence: to the extent this sentence asserts a legal conclusion, no response is required; otherwise without knowledge or information sufficient to form a belief as to the truth of the averments.

16.  This paragraph asserts a legal conclusion, to which no response is required. To the extent that a response is required, Carlyle denies the averments contained in Paragraph 16, and is without knowledge or information sufficient to form a belief as to the truth of the averments involving defendants other than Carlyle.

6

17.   Carlyle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17, except admits that the Court appointed the Funds as Lead Plaintiffs in the above-captioned action but denies that such appointment confers standing or any right to represent a putative class of similarly situated individuals or entities.

18.   Carlyle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18, except admits on information and belief that St. Lucie FF is a plaintiff in this action but denies that St. Lucie FF has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities.

19.   Carlyle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19, except admits on information and belief that San Antonio Health is a plaintiff in this action but denies that San Antonio Health has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities.

20.   Carlyle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20, except admits on information and belief that AP7 is a plaintiff in this action but denies that AP7 has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities.

21.   Carlyle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 21, except admits on information and belief that Universal Investment Gesellschaft m.b.H. is a plaintiff in this action but denies

that Universal Investment Gesellschaft m.b.H. has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities.

22.   First, second, third, and fifth sentences: admitted. Fourth sentence: Carlyle refers the Court to Cobalt's public filings, which speak for themselves, and all characterizations and averments inconsistent with them are denied.

23.   First sentence: without knowledge or information sufficient to form a belief as to the truth of the averments.  Second sentence: denied; Carlyle refers the Court to the Offering Documents and Cobalt's public filings for a complete and accurate description of Mr. Bryant, his employment history, and his responsibility for Cobalt's filings.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied. Third sentence: admitted.

24.   First sentence: without knowledge or information sufficient to form a belief as to the truth of the averments.  Second sentence: denied; Carlyle refers the Court to the Offering Documents and Cobalt's public filings for a complete and accurate description of Mr. Farnsworth, his employment history, and his responsibility for Cobalt's filings.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.  Third sentence: admitted.

25.   First sentence: without knowledge or information sufficient to form a belief as to the truth of the averments.  Second sentence: denied; Carlyle refers the Court to the Offering Documents and Cobalt's public filings for a complete and accurate description of Mr. Wilkirson, his employment history, and his responsibility for Cobalt's filings.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.  Third sentence: admitted.

26.  This paragraph requires no response.

27.  Because Paragraph 27 contains no factual allegations, no response is required.

28.  First sentence: denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading.  Carlyle refers the Court to the Offering Documents for a complete and accurate description of the underwriters for the Offerings. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.  Second sentence: admitted.

29.  Admitted on information and belief.

30.  Admitted on information and belief.

31.  Admitted on information and belief.

32.  Admitted on information and belief.

33.  Admitted on information and belief.

34.  First sentence: admitted that listed defendants served at various times as directors of Cobalt and signed certain of Cobalt's registration statements; denied as to the rest of the averments except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.  Second sentence: admitted.

35.  Denied except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These

documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

36.   Denied except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

37.   To the extent this paragraph asserts a legal conclusion, no response is required.  To the extent that a response is required: denied that Carlyle exercised control over Cobalt, and denied that the allegations contained in Paragraph 37 present a fair and complete description of the documents cited therein. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

38.   First sentence: admitted that The Goldman Sachs Group, Inc. is a global investment banking, securities, and investment management firm; denied as to the remaining averments. Second and third sentences: without knowledge or information sufficient to form a belief as to the truth of the averments.  Fourth sentence: admitted.

39.   First sentence: admitted that Riverstone Holdings LLC is an energy and power-related firm founded in the year 2000 and led by David M. Leuschen and Pierre F. Lapeyre, Jr.  Second sentence and footnote: admitted that funds affiliated with Riverstone Holdings LLC and/or Carlyle, including Carlyle/Riverstone Global Energy and Power Fund III, L.P. ("C/R Fund III"), C/R Energy III Cobalt Partnership, L.P. ("C/R III Cobalt"), Riverstone Energy Coinvestment III, L.P. ("REC III"), Carlyle Energy

Coinvestment III, L.P. ("CEC III"), C/R Cobalt In-vestment Partnership, L.P. ("C/R Cobalt") and C/R Energy Coinvestment II, L.P. ("C/R Coinvest"), owned Cobalt shares during the relevant time period; C/R Energy GP III, LLC and C/R Energy GP II, LLC respectively exercised investment discretion and control over certain of the shares held by certain of these funds during the relevant time; and each of C/R Energy GP III, LLC and C/R Energy GP II, LLC was managed by an eight-person managing board, which included during the relevant time Pierre F. Lapeyre, Jr., David M. Leuschen, Michael B. Hoffman, N. John Lancaster, Daniel A. D'Aniello, William E. Conway, Jr., David M. Rubenstein and Edward J. Mathias; denied as to the remaining averments.  Third sentence: admitted that two individuals who served on the Cobalt board also served as managing directors at Riverstone Holdings LLC at the time of the February 2012, December 2012, January 2013, and May 2013 Offerings; denied as to the remaining averments.  Fourth sentence: admitted.

40.   First sentence: admitted.  Second sentence and footnote: admitted that funds affiliated with Riverstone Holdings LLC and/or Carlyle, including Carlyle/Riverstone Global Energy and Power Fund III, L.P. ("C/R Fund III"), C/R Energy III Cobalt Partnership, L.P. ("C/R III Cobalt"), Riverstone Energy Coinvestment III, L.P. ("REC III"), Carlyle Energy Coinvestment III, L.P. ("CEC III"), C/R Cobalt Investment Partnership, L.P. ("C/R Cobalt") and C/R Energy Coinvestment II, L.P. ("C/R Coinvest"), owned Cobalt shares during the relevant time period; C/R Energy GP III, LLC and C/R Energy GP II, LLC respectively exercised investment discretion and control over certain of the shares held by certain of these funds during the relevant time; and each of C/R Energy GP III, LLC and C/R Energy GP II, LLC was managed by an eight-person managing board, which included during the relevant time Pierre F. Lapeyre,

Jr., David M. Leuschen, Michael B. Hoffman, N. John Lancaster, Daniel A. D'Aniello, William E. Conway, Jr., David M. Rubenstein and Edward J. Mathias; denied as to the remaining averments.  Third sentence: denied.  Fourth sentence: admitted that immediately before the February 2012 Offering, funds affiliated with Riverstone Holdings LLC and/or Carlyle owned approximately 74.8 million shares of Cobalt stock. Fifth sentence: admitted.

41.   First sentence:  admitted that FRC is a global energy-related private equity and infrastructure investment firm based in Greenwich, Connecticut.  Second and third sentences: denied that FRC controlled Cobalt; without knowledge or information sufficient to form a belief as to the truth of the averments.  Fourth sentence: without knowledge or information sufficient to form a belief as to the truth of the averments. Fifth sentence: admitted.

42.   First sentence: admitted that ACM Ltd. is an energy-related private equity firm based in Calgary, Alberta, Canada.  Second sentence: denied that ACM Ltd. controlled Cobalt; without knowledge or information sufficient to form a belief as to the truth of the averments.  Third sentence: without knowledge or information sufficient to form a belief as to the truth of the averments.  Fourth sentence: admitted.

43.   Because Paragraph 43 contains no factual allegations, no response is required.

44.   Because Paragraph 44 contains no factual allegations, no response is required.

45.   The allegations contained in Paragraph 45 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the

extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of Cobalt's business.

46.   The allegations contained in Paragraph 46 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of Cobalt's business.

47.   The allegations contained in Paragraph 47 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

48.   The allegations contained in Paragraph 48 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

49.   The allegations contained in Paragraph 49 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: First sentence: without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Second, third, fourth, and fifth sentences: denied to the extent the averments suggest that Cobalt's public disclosures were materially false and misleading;

without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents as well as the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

50.   The allegations contained in Paragraph 50 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Carlyle is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

51.   The allegations contained in Paragraph 51 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Carlyle is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

52.   The allegations contained in Paragraph 52 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Carlyle is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

53.   The allegations contained in Paragraph 53 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Carlyle is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

54.   The allegations contained in Paragraph 54 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Carlyle is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

55.   The allegations contained in Paragraph 55 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Carlyle is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

56.   The allegations contained in Paragraph 56 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Carlyle is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

57.   The allegations contained in Paragraph 57 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Carlyle is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

58.   The allegations contained in Paragraph 58 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Third sentence: without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Fourth and sixth sentences: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established; otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  First, second, and fifth sentences: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

59.   The allegations contained in Paragraph 59 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the averments suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

60.   The allegations contained in Paragraph 60 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the

extent the averments suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

61.   The allegations contained in Paragraph 61 are not directed at Carlyle; there-fore, no response is required.  To the extent a response is required: First sentence: without knowledge or information sufficient to form a belief as to the truth of the averments. Second, third, fourth, fifth, sixth, and seventh sentences: denied to the extent the aver-ments suggest that Cobalt's public disclosures were false and misleading and denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established; without knowledge or information sufficient to form a belief as to the truth of the averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

62.   First sentence: admitted on information and belief that Cobalt made an initial public offering and began trading on the NYSE in 2009; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Second and third sentences: denied to the extent such averments suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of

such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

63.    The allegations contained in Paragraph 63 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the averments suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

64.    The allegations contained in Paragraph 64 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the averments suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

65.    The allegations contained in Paragraph 65 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the averments suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents

speak for themselves, and all characterizations and averments inconsistent with them are denied.

66. The allegations contained in Paragraph 66 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

67. The allegations contained in Paragraph 67 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate description of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

68. The allegations contained in Paragraph 68 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters. These documents

speak for themselves, and all characterizations and averments inconsistent with them are denied.

69.    The allegations contained in Paragraph 69 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

70.    The allegations contained in Paragraph 70 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

71.    The allegations contained in Paragraph 71 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Second, third, and fifth sentences: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established; without knowledge or information sufficient to form a belief as to the truth of the averments. First and fourth sentences: denied to the extent that they suggest that Cobalt's public

disclosures were false and misleading; to the extent that they are legal conclusions, no response is required and denied; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

72.   The allegations contained in Paragraph 72 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established and denied to the extent such allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

73.   The allegations contained in Paragraph 73 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established and denied to the extent such allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a

complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

74.    The allegations contained in Paragraph 74 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required:  denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established and denied to the extent such allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

75.    Denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

76.    The allegations contained in Paragraph 76 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required:  denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the

remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

77.   The allegations contained in Paragraph 77 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required:  denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

78.   The allegations contained in Paragraph 78 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required:  denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; to the extent that the allegations are legal conclusions, no response is required and denied; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

79.   The allegations contained in Paragraph 79 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: First sentence: denied that class certification is appropriate; admitted that Plaintiffs purport to bring this action on behalf of a class of Cobalt shareholders.  Second and third sentences: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

80.   The allegations contained in Paragraph 80 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied except Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

81.   First sentence: denied.  Second sentence: admitted that Cobalt made a secondary public offering of 35.65 million shares of Cobalt common stock pursuant to a Prospectus Supplement on form 424(B)(5) dated April 12, 2014; denied as to the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for a complete and accurate description of this offering and Cobalt at the time of the Offerings, the cited documents for a complete and accurate statement of their contents, and the publicly reported prices of Cobalt stock.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

24

82.   The allegations contained in Paragraph 82 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

83.   The allegations contained in Paragraph 83 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

84.   The allegations contained in Paragraph 84 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle

refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

85.    The allegations contained in Paragraph 85 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

86.    The allegations contained in Paragraph 86 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

87.   The allegations contained in Paragraph 87 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

88.   The allegations contained in Paragraph 88 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

89.   The allegations contained in Paragraph 89 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations

suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

90. The allegations contained in Paragraph 90 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

91. The allegations contained in Paragraph 91 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and

accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

92.   The allegations contained in Paragraph 92 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

93.   The allegations contained in Paragraph 93 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

94.   First sentence: admitted that Cobalt made a secondary public offering of Cobalt common stock pursuant to a Prospectus Supplement on form 424(B)(5) dated February 24, 2012; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Second and third sentences: denied to the extent the

allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

95.   The allegations contained in Paragraph 95 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

96.   The allegations contained in Paragraph 96 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents

speak for themselves, and all characterizations and averments inconsistent with them are denied.

97.   The allegations contained in Paragraph 97 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: First sentence: denied that any stock price movement or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of Carlyle and denied to the extent the allegations suggest that Cobalt's public disclosures were false or misleading. Second and third sentences: denied to the extent the allegations suggest that Cobalt's public disclosures were false or misleading; to the extent that the allegations are legal conclusions, no response is required and denied; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents and the publicly reported prices of Cobalt stock.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

98.   The allegations contained in Paragraph 98 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

99.   The allegations contained in Paragraph 99 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; to the extent that the allegations are legal conclusions, no response is required and denied; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

100. The allegations contained in Paragraph 100 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

101. The allegations contained in Paragraph 101 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's

32

public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

102. The allegations contained in Paragraph 102 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

103. First, fourth, and fifth sentences: denied to the extent that the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Second sentence: admitted on information and belief that Cobalt made a public offering of 2.625% Convertible Senior Notes due 2019 pursuant to a Prospectus Supplement on form 424(B)(5) dated December 12, 2012; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Third sentence: admitted that Cobalt made a public offering of 40 million shares of Cobalt common stock pursuant to a Prospectus Supplement on form 424(B)(4) dated January 17, 2013.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate

statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

104. The allegations contained in Paragraph 104 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

105. The allegations contained in Paragraph 105 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

106. First, third, fourth, and fifth sentences: denied to the extent that the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Second sentence: admitted that Cobalt made a public offering of Cobalt

common stock pursuant to a Prospectus Supplement on form 424(B)(4) dated May 9, 2013, including shares sold by funds affiliated with The Goldman Sachs Group, Inc., Riverstone Holdings LLC, FRC, ACM Ltd., and Carlyle; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for a complete and accurate description of the May 2013 Offering and Cobalt at the time of the Offerings as well as the cited documents for a complete and accurate statement of their contents.

107. The allegations contained in Paragraph 107 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

108. The allegations contained in Paragraph 108 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents. These documents

speak for themselves, and all characterizations and averments inconsistent with them are denied.

109. The allegations contained in Paragraph 109 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

110. The allegations contained in Paragraph 110 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: First, second, and third sentences:  denied to the extent the allegations suggest that Cobalt's public disclosures were false or misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Fourth sentence: denied that any stock price movement or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of Carlyle and denied to the extent that the allegations suggest that Cobalt's public disclosures were false or misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the cited documents for a complete and accurate statement of their contents and the publicly reported prices of Cobalt stock.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

111.  The allegations contained in Paragraph 111 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

112.  The allegations contained in Paragraph 112 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: Second and third sentences: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  First sentence: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

113. The allegations contained in Paragraph 113 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents and transcript of the cited conference call for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

114. The allegations contained in Paragraph 114 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents and transcript of the cited conference call for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

115. First sentence: admitted that Cobalt made a public offering of 3.125% Convertible Senior Notes due 2024 pursuant to a Prospectus Supplement on form 424(B)(5) dated May 9, 2014; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Second and third sentences: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of

the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents and transcript of the cited conference call for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

116.  The allegations contained in Paragraph 116 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: First and second sentences: denied to the extent that the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Third sentence: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established and denied to the extent that the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents and transcript of the cited conference call for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

117.  The allegations contained in Paragraph 117 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's

public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

118. The allegations contained in Paragraph 118 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

119. The allegations contained in Paragraph 119 are not directed at Carlyle; therefore, no response is required. To the extent a response is required: First, second, and third sentences: denied to the extent the allegations suggest that Cobalt's public disclosures were false or misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Fourth sentence: denied that any stock price movement or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of Carlyle; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Carlyle refers the Court to Cobalt's public filings for a complete and accurate statement of their contents and the publicly reported prices of Cobalt stock. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

120. The allegations contained in Paragraph 120 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; to the extent that the allegations are legal conclusions, no response is required and denied; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

121. The allegations contained in Paragraph 121 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

122. The allegations contained in Paragraph 122 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's

public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

123.  The allegations contained in Paragraph 123 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

124.  The allegations contained in Paragraph 124 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

125.  The allegations contained in Paragraph 125 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: First and second

42

sentences: denied as the averments are based on one or more unnamed witnesses whose identity, credibility, reliability and accuracy have not been established; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Third, fourth, and fifth sentences: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public filings for complete and accurate descriptions of such matters as well as the cited documents for a complete and accurate statement of their contents.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

126.  The allegations contained in Paragraph 126 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied that any stock price movement or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of Carlyle; denied to the extent the allegations suggest that Cobalt's public disclosures were false or misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to Cobalt's public filings for a complete and accurate statement of their contents and the publicly reported prices of Cobalt stock.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

127-216:  The allegations contained in Paragraphs 127-216 are not directed at Carlyle; therefore, no response is required.  To the extent a response is required: denied to the extent the allegations suggest that Cobalt's public disclosures were false and misleading; without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Carlyle refers the Court to the Offering Documents and

43

Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

217. Because this paragraph contains no factual allegations, no answer is required; denied to the extent the averments express a legal conclusion.

218. Carlyle denies the allegations contained in Paragraph 218, except refers the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

219. Carlyle denies the allegations contained in Paragraph 219, except refers the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

220. Carlyle denies the allegations contained in Paragraph 220, except refers the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

221. Admitted that Cobalt made a secondary public offering of Cobalt common stock pursuant to a Prospectus Supplement on form 424(B)(5) dated February 24, 2012, including shares sold by funds affiliated with Riverstone Holdings LLC and/or Carlyle, and refer the Court to the Offering Documents and Cobalt's public disclosures for a complete and accurate descriptions of such matters, including a complete and accurate description of the February 2012 Offering.

222. Admitted that funds affiliated with Riverstone Holdings LLC and/or Carlyle sold shares of Cobalt common stock in connection with the February 2012 common stock offering; otherwise without knowledge or information sufficient to form a belief as to the truth of the averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

223. Admitted that Cobalt made a secondary public offering of Cobalt common stock pursuant to a Prospectus Supplement on form 424(B)(5) dated February 24, 2012, including shares sold by funds affiliated with Riverstone Holdings LLC and/or Carlyle, and refer the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the February 2012 Offering..

224. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

225. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

226. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate description of such matters.  These

documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

227. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

228. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

229. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

230. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

231. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

232. Admitted that Cobalt made a public offering of 2.625% Convertible Senior Notes due 2019 pursuant to a Prospectus Supplement on form 424(B)(5) dated December 12, 2012, and refer the Court to the Offering Documents as well as Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the December 2012 Offering.

233. Admitted that Cobalt made a public offering of 2.625% Convertible Senior Notes due 2019 pursuant to a Prospectus Supplement on form 424(B)(5) dated December 12, 2012, and refer the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the December 2012 Offering.

234. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

235. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

236. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

237. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

238. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

239. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

240. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

241. Admitted that Cobalt made a secondary public offering of Cobalt common stock pursuant to a Prospectus Supplement on Form 424(B)(4) on January 17, 2013, including shares sold by funds affiliated with Riverstone Holdings LLC and/or Carlyle, and refer the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the January 2013 Offering.

242. Admitted that funds affiliated with Riverstone Holdings LLC and/or Carlyle sold shares of Cobalt common stock in connection with the January 2013 common stock offering; otherwise without knowledge or information sufficient to form a belief as to the truth of the averments.  Carlyle refers the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

243. Admitted that Cobalt made a secondary public offering of Cobalt common stock pursuant to a Prospectus Supplement on Form 424(B)(4) on January 17, 2013, including shares sold by funds affiliated with Carlyle, and refer the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the January 2013 Offering.

244. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate description of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

245. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

246. Admitted that Cobalt made a secondary public offering of Cobalt common stock pursuant to a Prospectus Supplement on Form 424(B)(4) on May 9, 2013, including shares sold by funds affiliated with Riverstone Holdings LLC and Carlyle, and refer the

49

Court to the Offering Documents as well as Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the May 2013 Offering.

247. Admitted that funds affiliated with Riverstone Holdings LLC and/or Carlyle sold shares of Cobalt common stock in connection with the May 2013 common stock offering; otherwise without knowledge or information sufficient to form a belief as to the truth of the averments. Carlyle refers the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

248. Admitted that Cobalt made a secondary public offering of Cobalt common stock pursuant to a Prospectus Supplement on Form 424(B)(4) on May 9, 2013, including shares sold by funds affiliated with Riverstone Holdings LLC and Carlyle, and refer the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the May 2013 Offering.

249. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

250. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters. These

documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

251. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

252. Admitted that Cobalt made a public offering of 3.125% Convertible Senior Notes due 2024 pursuant to a Prospectus Supplement on form 424(B)(5) dated May 9, 2014, and refer the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the May 2014 Offering.

253. Admitted that Cobalt made a public offering of 3.125% Convertible Senior Notes due 2024 pursuant to a Prospectus Supplement on form 424(B)(5) dated May 9, 2014, and refer the Court to the Offering Documents and Cobalt's public disclosures for complete and accurate descriptions of such matters, including a complete and accurate description of the May 2014 Offering.

254. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

255. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These

documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

256. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

257. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

258. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

259. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

260. Denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for complete and accurate descriptions of such matters.  These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

261. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied.

262. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied.

263. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied.

264. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied that this case is appropriate for class action treatment; all other allegations denied as well.

265. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied that this case is appropriate for class action treatment; all other allegations denied as well.

266. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied that this case is appropriate for class action treatment; all other allegations denied as well.

267. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied that this case is appropriate for class action treatment; all other allegations denied as well.

268. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied that this case is appropriate for class action treatment; all other allegations denied as well.

269. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied that this case is appropriate for class action treatment; all other allegations denied as well.

270-278: The allegations contained in these paragraphs are not directed at Carlyle; therefore, no response is required.

279-281: The allegations contained in these paragraphs are not directed at Carlyle; therefore, no response is required.

282-300: The allegations contained in these paragraphs are not directed at Carlyle; therefore, no response is required.

301. To the extent Paragraph 301 asserts a legal conclusion, no response is required. To the extent a response is required: denied.

302. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is required: denied that this case is appropriate for class action treatment; all other allegations denied as well.

303. To the extent that Paragraph 303 states a legal conclusion, no response is required. To the extent that a response is required: denied to the extent that the averments pertain to Carlyle or claim that Carlyle acted jointly with the Sponsor Defendants; without knowledge or information sufficient to form a belief as to the truth of the remaining averments. To the extent the allegations of Paragraph 303 purport to describe the contents of written documents, Carlyle refers the Court to the actual documents, which speak for themselves, and all characterizations and averments inconsistent with them are denied.

304. To the extent that Paragraph 304 states a legal conclusion, no response is required. To the extent that a response is required: denied, except Carlyle refers the Court to the Offering Documents and to Cobalt's public filings for a complete and accurate description of Cobalt's board composition during the Offerings. These documents speak for themselves, and all characterizations and averments inconsistent with them are denied.

305. To the extent that Paragraph 305 states a legal conclusion, no response is required. To the extent that a response is required: denied.

306. To the extent that Paragraph 306 states a legal conclusion, no response is required. To the extent that a response is required: denied.

307. To the extent that Paragraph 307 states a legal conclusion, no response is required. To the extent that a response is required: denied

308. To the extent that Paragraph 308 states a legal conclusion, no response is required. To the extent a response is required: denied.

309-319: The allegations contained in Paragraphs 309-319 are not directed at Carlyle; therefore no response is required.

## ANSWER TO PRAYER FOR RELIEF

Denied that Plaintiffs are entitled to relief against Carlyle, and Carlyle requests that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

## ANSWER TO JURY DEMAND

Denied, except admitted that Plaintiffs purport to demand a jury trial.

## AFFIRMATIVE DEFENSES

Carlyle asserts the below affirmative defenses.  It expressly does not assume any burden of proof, persuasion or production not otherwise legally assigned to it as to any element of Plaintiffs' claims, and nothing in the affirmative defenses should be construed to assume any such burdens on Carlyle.[2]

### FIRST AFFIRMATIVE DEFENSE

The claim asserted in the Amended Consolidated Class Action Complaint (the "Amended Complaint") against Carlyle under Section 15 of the Securities Act of 1933 ("Securities Act") fails to allege facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims against Carlyle with particularity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue under the Securities Act or to assert the Section 15 claim against Carlyle.

### FOURTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs' Securities Act claim against it is barred by the applicable statutes of limitation.  Without limiting the foregoing, Carlyle is informed and believes, and on that basis alleges, that Plaintiffs had either actual or inquiry notice of their alleged claims more than one year before first bringing the claims asserted in the Amended Complaint, and that Plaintiffs could have, but failed, to conduct any reasonable inquiry as to the existence of such

---

[2] In the Affirmative Defenses, the term "Plaintiffs" refers generally to the Lead Plaintiffs, named plaintiffs, and members of the purported class.

claims.  Plaintiffs were required, but failed, to allege facts concerning the nature and scope of their inquiry, if any, more than one year prior to asserting the causes of action alleged in the Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs' Securities Act claim against it is barred by the applicable statues of repose, as set forth in the Underwriter Defendants' Motion to Dismiss directed to the repose issues.

## SIXTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Carlyle is not liable to Plaintiffs because the Offering Documents did not contain any false or misleading statements of material fact or omission of material fact, bespoke caution about the risks of investing in the Company, and Carlyle is not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statements not contained in the Offering Documents.

## SEVENTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that the facts the Amended Complaint alleged were misrepresented or omitted were forward-looking statements, and are rendered inactionable by the safe harbor set forth in Section 27A of the Securities Act, and under the "bespeaks caution" doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred in whole or in part because Carlyle neither owed nor

breached any duty to Plaintiffs or the class to disclose information allegedly omitted in the Offering Documents, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Offering Documents.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Carlyle because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Offering Documents were not material to the investment decisions of a reasonable investor.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from Carlyle because it had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which any alleged statement or omission was false or misleading.

## ELEVENTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that if and to the extent the Offering Documents and materials incorporated therein are determined to have contained false or misleading statements (which Carlyle denies), Plaintiffs and members of the putative class knew of any alleged untrue or misleading statement of material fact or omission of material fact in the Offering Documents.

## TWELFTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that any damages or injuries suffered by Plaintiffs or the putative class, if any, are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Carlyle.

## THIRTEENTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs and members of the putative class are not entitled to any recovery from Carlyle under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## FOURTEENTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that if and to the extent the Offering Documents and materials incorporated therein are found to have false or misleading statements (which Carlyle denies), the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.  Carlyle is further informed and believes, and on that basis alleges, that Plaintiffs and the putative class are not entitled to any recovery from Carlyle under the Securities Act because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Cobalt's own public filings and announcements, in the Offering Documents, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## FIFTEENTH AFFIRMATIVE DEFENSE

Other parties not named in the Amended Complaint may be indispensable parties to this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs and members of the putative class are not entitled to any recovery from Carlyle because they purchased Cobalt securities after Cobalt made generally available an earning statement covering a period of at least twelve months beginning after the effective date of the Offering Documents and they did not rely upon any alleged untrue or misleading statement of material fact or omission of material fact in the Offering Documents.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs' claims against it are barred in whole or in part by their own actions, omissions, and/or negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs' claims against it are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Carlyle are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of the Plaintiffs or others over which Carlyle had no control.

60

## TWENTIETH AFFIRMATIVE DEFENSE

Carlyle is entitled to recover contribution from others for any liability it incurs as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claim against Carlyle.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs and members of the putative class are not entitled to any recovery from Carlyle because Plaintiffs and the putative class committed to purchasing Cobalt securities prior to the filing of an Offering Document.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs and members of the putative class are not entitled to any recovery from Carlyle because Plaintiffs and the putative class would have purchased Cobalt securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that the putative class is not certifiable under Rule 23.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that the Named Plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that the putative class period for the Securities Act claims is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Amended Complaint.  Carlyle is informed and believes, and on that basis alleges, that Plaintiffs and the putative class failed to comply with that duty and are therefore barred from recovering any damages which might reasonably have been avoided.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs' and the putative class members' claims against it are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that Plaintiffs' and the putative class members' claims against it are barred in whole or in part because of inequitable conduct and unclean hands.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Carlyle is informed and believes, and on that basis alleges, that to the extent that Plaintiffs and members of the putative class purchased Cobalt securities in the secondary

market that are not traceable to the registration statements for the securities, they are not entitled to any recovery from Carlyle.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because at all relevant times, Carlyle relied in good faith on the representations, reports, expert opinions, and advice of others.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any recovery from Carlyle because one or more members of the putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Amended Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Carlyle is informed and believes, and on that basis alleges, that to the extent that Plaintiffs and members of the putative class sold Cobalt securities prior to maturity, they are not entitled to any recovery from Carlyle.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Carlyle adopts by reference any applicable defense pled by any other defendant not expressly set forth herein.

*       *       *

Carlyle reserves the right to raise any additional defenses, cross-claims, and third-party claims, not asserted herein of which it may become aware through discovery or other investigation, as may be appropriate at a later time.

Dated:  March 25, 2016 Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By: /s/ Robert A. Van Kirk
    Robert A. Van Kirk
    Federal I.D. No. 386734
    *Attorney-In-Charge*
    George A. Borden
    Federal I.D. No. 354026
    John S. Williams
    Federal I.D. No. 2543133
    725 Twelfth Street, N.W.
    Washington, DC  20005
    Telephone: (202) 434-5000
    Facsimile: (202) 434-5029
    rvankirk@wc.com
    gborden@wc.com
    jwilliams@wc.com

    *Counsel for Defendant*
    *The Carlyle Group L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2015, I caused to be served a true and correct copy of the foregoing to all known counsel of record via the Court's electronic filing system.

    /s/ Robert Van Kirk
    Robert Van Kirk
    Federal I.D. No. 386734
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Telephone: (202) 434-5000
    Facsimile: (202) 434-5029
    rvankirk@wc.com