United States District Court
Southern District of Texas
**ENTERED**
March 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE COBALT INTERNATIONAL ENERGY, INC. SECURITIES LITIGATION | § § § | CIVIL ACTION NO. H-14-3428 |

## MEMORANDUM AND ORDER

This securities case is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion to Amend") [Doc. # 191], seeking to add a new claim under Section 20A of the Securities Exchange Act of 1934 against existing Defendants Goldman Sachs Group, Inc., Riverstone Holdings LLC, The Carlyle Group, L.P., First Reserve Corporation, and Kern Partners Ltd. (n/k/a ACM Ltd.) (collectively, "Control Defendants"). The Control Defendants filed responses [Docs. # 196 and # 197] opposing Plaintiffs' Motion to Amend, and Plaintiffs filed a Reply [Doc. # 198]. Having reviewed the record and applicable legal authorities, the Court grants the Motion to Amend.

Plaintiffs filed their Motion to Amend by the January 30, 2017, deadline for amendments to pleadings. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *United States ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). Rule 15(a)

"evinces a bias in favor of granting leave to amend." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). If the district court lacks a "substantial reason" to deny leave, its discretion is not broad enough to permit denial. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)); *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

The Court's general practice is to allow an amendment if either the amendment or a motion to amend is filed by the deadline for amendments to pleadings. In this case, the Court does not find a substantial reason to deviate from that general practice, or from the general rule, and deny the Motion to Amend. It was filed by the

amendments deadline and, therefore, there is no undue delay. There is no indication that Plaintiffs have engaged in bad faith or dilatory motive. Although this would be Plaintiffs' second amended pleading, the first amendment was the original Consolidated Class Action Complaint [Doc. # 72]. There would be no undue prejudice to the Control Defendants. The deadline to complete fact discovery is currently May 25, 2017, but it is clear that the deadline will need to be extended because the parties, including Control Defendants, have repeatedly obtained extensions of the briefing schedule for the Motion for Class Certification. The original December 9, 2016 deadline for Defendants' response has been extended three times, and is now March 22, 2017. Plaintiffs' reply is now due May 26, 2017.

Defendants' primary argument in opposition to Plaintiffs' Motion to Amend is that the amendment to add the Section 20A claim would be futile. It is unclear, however, whether or not the claim would be subject to dismissal under Rule 12(b)(6). Defendants may, if appropriate in light of the Court's prior Memorandum and Order [Doc. # 108], file a Motion to Dismiss the new claim. The parties would then follow the standard briefing procedure and the Court will rule promptly. If the Control Defendants file a Motion to Dismiss the new claim, discovery relating to that claim will be stayed automatically pursuant to the Private Securities Litigation Reform Act.

Should any party file a motion seeking to stay discovery on claims other than the new Section 20A claim, the Court will rule promptly on such a motion.

Absent a "substantial reason" to deny Plaintiffs' Motion to Amend, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint [Doc. # 191] is **GRANTED**. Counsel for Plaintiffs is directed to file the Second Amended Complaint as a separate docket entry.

SIGNED at Houston, Texas, this **10th** day of **March, 2017.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE