**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE COBALT INTERNATIONAL ENERGY, INC. SECURITIES LITIGATION | § § § § | CIVIL ACTION NO. 4:14-cv-3428 |

**THE CARLYLE GROUP L.P.'S MOTION TO DISMISS
COUNT III OF THE SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDING ………………………………….. 2

ISSUE TO BE RULED UPON BY THE COURT ……………………………………… 3

ARGUMENT …………………………………………………………………………. 4

CONCLUSION …………………………………………………………………….. 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*Abrams v. Baker Hughes, Inc.*,
    292 F.3d 424 (5th Cir. 2002) ................................................................................................... 7

*In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*,
    763 F. Supp. 2d 423 (S.D.N.Y. 2011) ..................................................................................... 4

*In re Enron Corp. Securities, Derivative & ERISA Litigation*,
    258 F. Supp. 2d 576 (S.D. Tex. 2003) ..................................................................................... 1

*In re Enron Corp. Securities, Derivative & ERISA Litigation*,
    Nos. H-01-3624, H-03-4359, 2016 WL 4095973
    (S.D. Tex. Aug. 2, 2016) ..................................................................................................... 3, 4

*In re Securities Litigation BMC Software, Inc.*,
    183 F. Supp. 2d 860 (S.D. Tex. 2001) ................................................................................. 3, 4

*In re Take-Two Interactive Securities Litigation*,
    551 F. Supp. 2d 247 (S.D.N.Y. 2008) ..................................................................................... 4

*Owens v. Jastrow*,
    789 F.3d 529 (5th Cir. 2015) ............................................................................................... 1, 6

*Southland Securities Corp., v. INSpire Insurance Solutions, Inc.*,
    365 F.3d 353 (5th Cir. 2004) ................................................................................................... 6

**Statutes**

15 U.S.C. § 77*o* ............................................................................................................................. 1, 2, 5

15 U.S.C. § 77k ..................................................................................................................................... 2

15 U.S.C. § 78t-1(a) ...................................................................................................................... passim

The Carlyle Group, L.P. respectfully submits this motion to dismiss with prejudice the claim brought against it in Count III of the Second Amended Complaint, which seeks to allege liability under Section 20A of the Securities Exchange Act of 1934, 15 U.S.C. § 78t-1(a). Carlyle joins the arguments made by the other sponsor defendants in their motion to dismiss that claim. As to Carlyle, the reason for dismissal is particularly apparent. Plaintiffs are seeking to plead an entirely new type of claim against Carlyle but have added no substantive allegations against Carlyle on which to base that new claim.

Plaintiffs' assertion of this claim without additional allegations is surprising, to say the least. To this point, Plaintiffs have alleged only a control-person claim under Section 15 of the Securities Act of 1933, 15 U.S.C. § 77*o*, which the Court held is subject to only a "'relaxed and lenient'" pleading standard that the defendant "'possessed the power to control the primary violator, not that control was exercised.'" Memorandum and Order at 30 [Doc. # 108] (Jan. 19, 2016) (quoting *One Longhorn Land I, L.P. v. FF Arabian, LLC*, No. 15-cv-203, 2015 WL 7432360, at *2–3 (E.D. Tex. Nov. 23, 2015)). Unlike a Section 15 claim, a Section 20A claim requires that a plaintiff plead scienter and do so under the heightened pleading standards imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See, e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 258 F. Supp. 2d 576, 599 (S.D. Tex. 2003) (holding Section 20A claims require predicate violation of Exchange Act, usually § 10(b)); *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015) (noting heightened pleading standards).

1

Despite these additional requirements,[1] and despite the Court's observation when it decided the original motion to dismiss that the "allegations in the Complaint . . . are limited, *particularly as to Defendant Carlyle*," Memorandum and Order at 32 [Doc. # 108] (emphasis added), Plaintiffs have made no new allegations regarding Carlyle or any Carlyle executive or employee, let alone the knowledge or intent of Carlyle. Indeed, the allegations in the new Section 20A claim fail even to mention the name of any Carlyle executive or employee. Accordingly, the Section 20A claim should be dismissed as to Carlyle because the Second Amended Complaint ("SAC") fails to adequately plead facts showing that Carlyle was aware of any material, nonpublic information that motivated any trades, much less was aware that any such information was in fact material and nonpublic. The SAC therefore fails to meet the high standards for pleading the required element of scienter.

## NATURE AND STAGE OF THE PROCEEDING

In their Consolidated Amended Complaint, Plaintiffs filed a claim against the sponsor defendants, which include The Goldman Sachs Group, Riverstone Holdings, First Reserve, and KERN Partners in addition to Carlyle, under Section 15. That claim seeks to hold those defendants liable as control persons for violations of Section 11 of the Securities Act, 15 U.S.C. § 77k, allegedly committed by Cobalt International Energy, Inc. *See* Doc. # 72 (May

---

[1] Plaintiffs do not appear to dispute that they are required to plead scienter under the requirements of the PSLRA. *See* Reply in Further Supp. of Pls' Mot. for Leave to File Second Am. Compl. [Doc. # 198] at 9 & n.7 (Mar. 6, 2017) (filed under seal).

1, 2015). On January 19, 2016, the Court denied the sponsor defendants' motion to dismiss that claim. Memorandum and Opinion [Doc. # 108] at 28–32.

On January 30, 2017, Plaintiffs moved for leave to amend their complaint to add 56 paragraphs of allegations in support of a new claim against the sponsor defendants under Section 20A. None of those allegations addresses the knowledge or intent of Carlyle or any of its executives or employees. Although Carlyle and the other sponsors opposed Plaintiffs' motion, the Court granted it on March 10, 2017, noting that the sponsor defendants could, "if appropriate in light of the Court's prior Memorandum and Order, file a Motion to Dismiss the new claim." Memorandum and Order [Doc. # 199] at 3 (Mar. 10, 2017).

## ISSUE TO BE RULED UPON BY THE COURT

To state a claim "for securities fraud based on insider trading in a private cause of action under § 10(b) and Rule 10b-5 and § 20A of the Exchange Act, a plaintiff must show that a defendant (1) used material, nonpublic information, (2) knew or recklessly disregarded that the information was material and nonpublic, and (3) traded contemporaneously with the defendant." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 916 (S.D. Tex. 2001). Accordingly, the scienter requirement for a Section 20A claim consists of two interrelated issues. First, "at minimum," a plaintiff must plead that a defendant was "'aware' of the material nonpublic information upon which the defendant purportedly traded." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, Nos. H-01-3624, H-03-4359, 2016 WL 4095973, at *38 (S.D. Tex. Aug. 2, 2016) (quoting 17 C.F.R. § 240.10b-5-1(b)). And, second, a plaintiff must

plead that a defendant knew or was reckless in disregarding that the information in fact "was material and nonpublic." *BMC Software*, 183 F. Supp. 2d at 916.

Claims under Section 20A are subject to the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure and the PSLRA. *In re Enron Corp.*, 2016 WL 4095973, at *42; *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 487 (S.D.N.Y. 2011). This means that Plaintiffs must state with *particularity* facts giving rise to a *strong inference* that Carlyle was aware of material, nonpublic information and that it acted with such knowledge in making its trades. *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 310 n.50 (S.D.N.Y. 2008).

The issue before the Court is whether Plaintiffs' SAC satisfies these heightened pleading requirements regarding Carlyle's alleged scienter.

## ARGUMENT

The SAC fails to state a Section 20A claim as to Carlyle because Plaintiffs fail to plead particularized allegations that Carlyle knew about an undisclosed FCPA violation or that Cobalt's Loengo well had limited commercial viability. Plaintiffs seek to allege only that the so-called "Control Entity Defendants" possessed and were aware of information relating to these issues via executives of some of the sponsor defendants that sat on Cobalt's Board of Directors. *E.g.*, SAC, ¶¶ 287-88. But Plaintiffs do not allege that *Carlyle* executives ever sat on Cobalt's board. Nor do they allege any other way in which *Carlyle* became aware of any material, nonpublic information related to possible FCPA violations or the success of the

4

Loengo well. In fact, there is not a single allegation in the SAC that Carlyle or any Carlyle executive or employee knew any of the allegedly material, nonpublic information despite the fact that Plaintiffs have now had an opportunity to review Carlyle's document production as well as the productions of the sponsor defendants and Cobalt itself.

Without a single allegation of Carlyle's knowledge of any material, nonpublic information that motivated its trades, Plaintiffs may attempt to plead Carlyle's knowledge through allegations regarding Riverstone executives' service on Cobalt's board and Carlyle's status as a significant shareholder. Carlyle can only assume as much given that those were the grounds on which Plaintiffs sought to plead Carlyle's control of Cobalt.[2] Although the Court concluded that those "limited" allegations were minimally sufficient to satisfy the bare notice pleading requirements to allege the power to control for claims under Section 15, Memorandum and Order [Doc. # 108] at 32, they are wholly inadequate to satisfy the heightened pleading requirements to allege scienter for claims under Sections 20A and 10(b). *See id.* at 7.

Plaintiffs allege that Carlyle and Riverstone "acted jointly" in appointing board members and that Riverstone executives served on Cobalt's board. SAC ¶ 40. Presumably Plaintiffs will contend that, because of this allegation, the alleged knowledge of Riverstone

---

[2] *See* Pls' Memorandum of Law in Opp'n to the Mot. To Dismiss by The Goldman Sachs Group, Inc., Riverstone Holdings LLC, First Reserve, and Kern Partners Ltd. and the Joinder by The Carlyle Group L.P. [Doc. # 90] at 13 n.16 (Aug. 31, 2015).

executives can be imputed to Carlyle even without allegations that any of that alleged knowledge was communicated to Carlyle. That is a far-fetched contention, as the Court has recognized before. *See, e.g.*, Dec. 2, 2016 Hr'g Tr. 32, 94 [Exhibit 1]. And, not surprisingly, the Fifth Circuit has rejected attempts to plead scienter under the PSLRA through imputation even within a single company. As the Fifth Circuit has held, the PSLRA requires a plaintiff "to distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud." *Southland Sec. Corp., v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) (internal quotation marks omitted). Accordingly, in analyzing the sufficiency of allegations of scienter, courts refuse to "'construe allegations contained in the [complaint] against the 'defendants' as a group as properly imputable to any particular [individual] defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded.'" *Owens*, 789 F.3d at 537 (quoting *Southland*, 365 F.3d at 365). Here, even if Plaintiffs were able to plead that Riverstone executives received material, non-public information,[3] Plaintiffs have not alleged that those Riverstone executives ever shared such information with anyone at Carlyle, much less the required specifics of how any such sharing occurred.

---

[3] As the other sponsors note, Plaintiffs' allegations are insufficient that any member of the Cobalt board, such as the Riverstone executives, had material, nonpublic material. *See* Memorandum of Law of The Goldman Sachs Group, Inc., Riverstone Holdings LLC, FRC Founders Corp., and ACM Ltd. in Supp. of Mot. To Dismiss Count III of Pls' Second Am. Compl. [Doc. # 216] at 15–20 (Apr. 14, 2017).

6

Nor can Plaintiffs concoct the requisite "strong inference" of scienter based on Carlyle being a significant shareholder. Again, the Fifth Circuit has flatly rejected the argument that scienter may be established through the inference that a defendant must have been aware of a misstatement based on corporate position. *Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 432 (5th Cir. 2002).

Put simply, Plaintiffs have pleaded no particularized allegations that Carlyle was aware of any material, nonpublic information when it traded, much less that it was aware that the information was material and nonpublic. The SAC therefore fails to state a Section 20A claim against Carlyle.

## CONCLUSION

For the foregoing reasons, as well as the reasons given by the other sponsor defendants, the Court should dismiss Count III of the Second Amended Complaint.

Dated: April 14, 2017                                        Respectfully submitted,

                                                                               WILLIAMS & CONNOLLY LLP

                                                                               By: /s/ Robert A. Van Kirk
                                                                               Federal I.D. No. 386734
                                                                               *Attorney-In-Charge*
                                                                               George A. Borden
                                                                               Federal I.D. No. 354026
                                                                               John S. Williams
                                                                               Federal I.D. No. 2543133
                                                                               725 Twelfth Street, N.W.
                                                                               Washington, DC 20005
                                                                               Telephone: (202) 434-5000
                                                                               Facsimile: (202) 434-5029
                                                                               rvankirk@wc.com
                                                                               gborden@wc.com
                                                                               jwilliams@wc.com

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on the 14th day of April, 2017, a true and correct copy of the foregoing was forwarded to all known counsel of record via the Court's electronic notification system, and via email.

/s/ Janine M. Pierson
Janine M. Pierson
