UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE COBALT INTERNATIONAL ENERGY, INC. SECURITIES LITIGATION | Lead Case No. 4:14-cv-3428 (NFA) |

### [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

This matter came on for hearing on February 13, 2019 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement with the Sponsor Defendants, the Sponsor Designee Defendants and Goldman Sachs & Co. LLC, dated October 9, 2018 (ECF No. 334-1); the Stipulation and Agreement of Settlement Among the Plaintiffs, Cobalt Individual Defendants, and Nader

Tavakoli, Solely Acting as Plan Administrator on Behalf of the Cobalt Debtors, dated October 11, 2018 (ECF No. 337-1); and the Stipulation and Agreement of Settlement Between Plaintiffs and Underwriter Defendants Other Than Goldman Sachs & Co. LLC, dated November 28, 2018 (ECF No. 352-1) (collectively, the "Stipulations") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulations.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund (which consists of the Sponsor/GS&Co. Settlement Amount, the Cobalt Settlement Fund (including both the Cobalt Settlement Existing Proceeds and any additional recoveries obtained for the Settlement Class in the future under that Settlement), and the Underwriter Settlement, plus any interest accrued on those amounts), and $1,972,357.01 in reimbursement of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be

2

paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlements have created a fund of $173,800,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, as well as the potential of up to an additional $161.5 million as a result of insurance coverage litigation with the Cobalt Defendants' insurance carriers, and that numerous Settlement Class Members who submit valid Claim Forms will benefit from the Settlements that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee has been reviewed and approved as reasonable by Plaintiffs, who are institutional investors that actively supervised the Action;

(c) Copies of the Notice were mailed to all Settlement Class Members who could be identified with reasonable effort stating that Lead Counsel would apply for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of Plaintiffs' Counsel's litigation expenses in an amount not to exceed $5 million, which might include awards for Plaintiffs for their reasonable time and expenses in representing the Settlement Class;

(d) Plaintiffs' Counsel conducted the litigation and achieved the Settlements with skill, perseverance and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Plaintiffs' Counsel not achieved the Settlements there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) Plaintiffs' Counsel devoted over 59,800 hours, with a lodestar value of approximately $36 million, to achieve the Settlements; and

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiffs GAMCO Global Gold, Natural Resources & Income Trust, GAMCO Natural Resources, Gold & Income Trust are hereby awarded $25,000.00 from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

7. Plaintiff St. Lucie County Fire District Firefighters' Pension Trust Fund is hereby awarded $1,977.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

8. Plaintiff Sjunde AP-Fonden is hereby awarded $15,000.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

9. Plaintiff Universal Investment Gesellschaft mbH is hereby awarded $15,000.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

10. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application or awards to any of the Plaintiffs shall in no way disturb or affect the finality of the Judgments.

11. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulations and this Order.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 13th day of Feb, 2019.

*Nancy F. Atlas*
The Honorable Nancy F. Atlas
United States District Judge

#1262266

5