United States District Court
Southern District of Texas

**ENTERED**
February 13, 2019
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE COBALT INTERNATIONAL
ENERGY, INC. SECURITIES LITIGATION

Lead Case No. 1:14-cv-3428 (NFA)

### JUDGMENT APPROVING CLASS ACTION SETTLEMENT BETWEEN PLAINTIFFS AND UNDERWRITER DEFENDANTS OTHER THAN GOLDMAN SACHS & CO. LLC

WHEREAS, a consolidated class action is pending in this Court entitled *In re Cobalt International Energy, Inc. Securities Litigation*, Lead Case No. 1:14-cv-3428-NFA (the "Action");

WHEREAS, (a) lead plaintiffs GAMCO Global Gold, Natural Resources & Income Trust and GAMCO Natural Resources, Gold & Income Trust (together, the "GAMCO Funds" or "Lead Plaintiffs"), St. Lucie County Fire District Firefighters' Pension Trust Fund, Fire and Police Retiree Health Care Fund, San Antonio, Sjunde AP-Fonden, and Universal Investment Gesellschaft m.b.H. (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) defendants Morgan Stanley & Co. LLC, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Tudor, Pickering, Holt & Co. Securities, Inc., Deutsche Bank Securities Inc., RBC Capital Markets, LLC, UBS Securities LLC, Howard Weil Incorporated, Stifel, Nicolaus & Company, Incorporated, Capital One

Southcoast, Inc., and Lazard Capital Markets LLC (the "Underwriter Settling Defendants," together with Plaintiffs, the "Settling Parties"), have entered into a Stipulation and Agreement of Settlement Between Plaintiffs and Underwriter Defendants Other than Goldman Sachs & Co. LLC., dated November 28, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against the Underwriter Settling Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated November 29, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on February 13, 2019 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Underwriter Settling Defendants; and

-2-

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on November 28, 2018; and (b) the Notice, Plan of Allocation and Summary Notice filed with the Court on November 28, 2018.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons and entities who purchased or otherwise acquired Cobalt Securities between March 1, 2011 and November 3, 2014, inclusive, and were damaged thereby (the "Settlement Class"). Included within the Settlement Class are all persons and entities who purchased or otherwise acquired shares of Cobalt common stock on the open market and/or pursuant or traceable to the registered public offerings on or about (i) February 23, 2012; (ii) January

16, 2013; and (iii) May 8, 2013.  Also included within the Settlement Class are all persons and entities who purchased or otherwise acquired Cobalt convertible senior notes on the open market and/or pursuant or traceable to registered public offerings on or about (i) December 12, 2012; and (ii) May 8, 2014.  Excluded from the Settlement Class are Defendants; the officers and directors of Defendants during the Class Period (the "Excluded Officers and Directors"); members of the Immediate Family of the Individual Defendants and of the Excluded Officers and Directors; any entity in which any Defendant, any Excluded Officer or Director, or any of their respective Immediate Family Members has, and/or had during the Class Period, a controlling interest; Defendants' liability insurance carriers; any affiliates, parents, or subsidiaries of the corporate Defendants; all corporate Defendants' plans that are covered by ERISA; and the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such; *provided, however,* that any Investment Vehicle[1] shall not be deemed an excluded person or entity by definition. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded pursuant to request.]

*NOA*

---

[1] "Investment Vehicle" for purposes of this Judgment means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any of the Sponsor/GS&Co. Settling Defendants (as defined in the Notice) or Underwriter Settling Defendants have, has, or may have a direct or indirect interest, or as to which any of their respective affiliates may act as an investment advisor but of which any of the Sponsor/GS&Co. Settling Defendants or Underwriter Settling Defendants or any of their respective affiliates is not a majority owner or does not hold a majority beneficial interest.  This definition of Investment Vehicle does not bring into the Settlement Class any of the Sponsor/GS&Co. Settling Defendants or Underwriter Settling Defendants themselves or any of the Sponsor Affiliated Funds, as defined in the Sponsor/GS&Co. Settlement.

-4-

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs GAMCO Global Gold, Natural Resources & Income Trust, GAMCO Natural Resources, Gold & Income Trust, St. Lucie County Fire District Firefighters' Pension Trust Fund, Fire and Police Retiree Health Care Fund, San Antonio, Sjunde AP-Fonden, and Universal Investment Gesellschaft m.b.H. as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) their right to object to any aspect of the Settlement; (iv) their right to exclude themselves from the Settlement Class; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

6.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Settling Defendants' Releasees; and the dismissal with prejudice of the claims asserted against the Underwriter Settling Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     All of the claims asserted against the Underwriter Settling Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on the Underwriter Settling Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement

Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto, are excluded from the Settlement Class pursuant to request, and are, *NOA* therefore, not bound by the terms of the Stipulation or this Judgment.]

9.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Underwriter Settling Defendants and the other Settling Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendants' Releasees.

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, the Underwriter Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever

-7-

compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Settling Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Defendants' Claims against any of the Plaintiffs' Releasees.

10.     Notwithstanding paragraphs 9(a)–(b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Bar Order** – Pursuant to the PSLRA and common law, the Court hereby bars all future claims and claims over by any individual or entity against any of the Settling Defendants' Releasees, and by the Settling Defendants' Releasees against any individual or entity, for (a) contribution or indemnity (or any other claim or claim over, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class arising out of or related to the claims or allegations asserted by Plaintiffs in the Action (the "Bar Order"). For the avoidance of doubt, nothing in this Bar Order shall release any proofs of claim that any of the Underwriter Settling Defendants has filed in the Cobalt bankruptcy or any claims that the Underwriter Settling Defendants may have against their own respective liability insurance carriers. Moreover, nothing in this Bar Order shall be construed to impair, negate, diminish, or adversely affect any rights of the Underwriter Settling Defendants or their successors or

-8-

assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to the Settlement or incurred in connection with the Action, or any other actual or alleged loss or liability, and the Underwriter Settling Defendants expressly reserve all rights, claims, positions, arguments, contentions, and defenses with respect to such matters.

12.     **Judgment Reduction** – Pursuant to the PSLRA and common law, any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Underwriter Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Underwriter Settling Defendants to the Settlement Class or Settlement Class Members for common damages. In the event of a judgment against or a settlement involving any or all of the Underwriter Settling Defendants in the Action or any other action arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, the Non-Settling Underwriters' reduction shall include (to the extent not already included in the aforementioned Bar Order reduction) a judgment credit (or credit in settlement) with respect to all such actions for which the Non-Settling Underwriters may be found liable (or will pay in a settlement subsequent to the settlement memorialized in this Stipulation), in an amount that is the greatest of: (x) the dollar amount paid or contributed by the Settling Underwriter Defendants pursuant to the settlement memorialized in this Stipulation and GS&Co. in the Sponsor Settlement, (y)

the proportionate share of the Settling Underwriter Defendants' and GS&Co.'s fault in respect of common damages arising in connection with such actions as proven at trial, if applicable, or (z) the amount by which the Settling Underwriter Defendants and GS&Co. would have been required to make contribution had they not settled, under Sections 9.5 and 11.2 of any applicable Master Agreement Among Underwriters (the "MAAUs"), in respect of the final non-appealable judgment (or settlement) subsequently entered into by the Non-Settling Underwriters.

13.   **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.   **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

   (a)   shall be offered against any of the Settling Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or

could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants' Releasees or in any way referred to for any other reason as against any of the Settling Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Defendants' Releasees had meritorious defenses, or that damages recoverable from the Underwriter Settling Defendants under the Operative Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial against the Underwriter Settling Defendants;

*provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

15.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a plan of allocation for the proceeds of the Settlement Fund; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Settlement.

16.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and the Underwriter Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and the

Underwriter Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, the Judgment including (the Court's certification of the Settlement Class) shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Underwriter Settling Defendants, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation on November 28, 2018, as provided in the Stipulation.

19.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against the Underwriter Settling Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Underwriter Settling Defendants.

20.     **Expiration of CAFA Notice Period** – This Judgement is effective on March 6, 2019, the expiration date for the 90-day notice period provided in 28 U.S.C. § 1715(d).

SO ORDERED this _____ 13th _____ day of Feb. _____, 2019.

The Honorable Nancy F. Atlas
United States District Judge